No. 44,803

Vernon C. Redd, *Appellant,* State of Kansas, *Appellee.*

(429 P. 2d 925)

Opinion filed July 12, 1967.

*John E. Foulston,* of Wichita, argued the cause and was on the briefs for appellant.

*R. K. Hollingsworth,* Deputy County Attorney, argued the cause, and *Robert C. Londerholm,* Attorney General, and *Keith Sanborn,* County Attorney, were with him on the briefs for appellee.

The opinion of the court was delivered by

Fatzer, J.: On November 10, 1954, and during the third day of petitioner's trial by a jury on a charge of murder in the first degree, he advised the court in the presence of his court-appointed counsel that he wished to change his plea from one of not guilty, to a plea of guilty to murder in the second degree, and was sentenced to confinement in the Kansas State Penitentiary for a period of 40 years.

The following proceedings occurred in the district court when the petitioner changed his plea:

"The Court: You are charged with second degree murder, how do you plead, guilty or not guilty?
"Mr. Redd: Guilty.
"The Court: You are pleading guilty because you are guilty?
"Mr. Redd: I guess so.
"The Court: It is not 'guess work.' You either do or you don't?
"Mr. Pyles: We have to make a record.
"Mr. Redd: Yes; guilty.
"The Court: You are pleading guilty because you are guilty?
"Mr. Redd: Yes, sir."

On June 24, 1966, the petitioner filed a handwritten motion to set aside his conviction and sentence pursuant to K. S. A. 60-1507, alleging two grounds: One, "[t]he knowing use of false evidence," and two, "[d]ue process of law in violation of the Fourteenth Amendment of the Constitution of the United States." He further alleged

he was convicted by "[a]n involuntary plea of guilty made," and, further, that his court-appointed counsel, Mr. John Pyles, was incompetent because "(*a*) [c]ounsel helped prosecution, disregarded petitioner's interest, (*b*) [w]ould not withdraw involuntary plea . . . [r]efused to appeal."

These are the only allegations made in the motion concerning any possible grounds for relief.

Other statements were made by petitioner in his motion with respect to post conviction actions he had previously filed, but the district court considered only the records of the petitioner's case in the District Court of Sedgwick County, case No. A-49953.

The petitioner alleged that on the third day of his trial, counsel and the court had a meeting in his absence and as a result thereof, he was "compelled to plead guilty under duress"; that he attempted to contact his court-appointed counsel to withdraw his plea but he was unable to do so.

On July 1, 1966, the district court, after examining the allegations of the motion and the files and records of case No. A-49953, The State of Kansas versus Vernon C. Redd, defendant, found they conclusively showed petitioner was entitled to no relief and that the motion should be denied.

On June 11, 1966, the petitioner filed *pro se*, a motion for rehearing, the allegations of which consisted only of quoting Section 1 of the Fourteenth Amendment to the Constitution of the United States. On August 5, 1966, the district court overruled the motion for rehearing, finding that it conclusively showed petitioner was not entitled to a rehearing and that his motion should be denied. Thereafter this appeal was duly perfected and Mr. John E. Foulston, a member of the Wichita Bar, was appointed to represent the petitioner in preparing and presenting his appeal.

We are of the opinion the petitioner's motion stated nothing but conclusions, and the district court did not err in summarily overruling it. Its allegations presented no justiciable issue under K. S. A. 60-1507. The petitioner alleged no facts from which might be inferred duress or coercion, nor did he list any witnesses by which he might establish the same. There is no intimation of what "coercion" or "duress" forced him to plead guilty to murder in the second degree, nor does he allege what "false evidence" was used against him, or that it caused him to change his plea. Likewise, he alleges no facts showing how his counsel "helped the prosecution"

and disregarded his interests or that there was any basis to withdraw the plea of guilty to murder in the second degree, or that he had any grounds to appeal following his conviction.

The record clearly indicates that upon interrogation by the district court, the petitioner stated in open court he was guilty of the offense of murder in the second degree and that he was pleading guilty because he was guilty. We are of the opinion the petitioner's motion stated only bare legal conclusions with no supporting factual allegations. In *Call v. State*, 195 Kan. 688, 408 P. 2d 668, cert. den. 384 U. S. 957, 16 L. Ed. 2d 552, 86 S. Ct. 1581, it was said:

"We have held in *State v. Burnett*, 195 Kan. 645, 400 P. 2d 971, that the right to an evidentiary hearing in proceedings brought under K. S. A. 60-1507 does not extend to those instances where the claims advanced are trivial, frivolous or insubstantial. In *Webb v. State*, 195 Kan. 728, 408 P. 2d 662, we further hold that a sentencing court is vested with discretion in ascertaining whether a claim made under the foregoing statute is substantial before granting an evidentiary hearing thereon and requiring the petitioner's presence." (l. c. 693.)

In *Perrin v. State*, 196 Kan. 228, 410 P. 2d 298, it was said:

". . . The statute (K. S. A. 60-1507) provides that the motion may be determined 'without requiring the production of the prisoner at the hearing.' Not every colorable allegation entitles a prisoner in the penitentiary to a trip to the sentencing court. Neither is the district court compelled to accept all allegations in a motion filed for relief under the statute as presumptively valid, nor accept allegations which are 'patently unbelievable.' (*Edge v. Wainwright*, 347 F. 2d 190, 192.) Flimsy and transparent charges or allegations are insufficient to sustain a justiciable controversy. . . ." (l. c. 233.)

See, also, *Sanders v. United States*, 373 U. S. 1, 10 L. Ed. 2d 148, 83 S. Ct. 1068; *United States v. Rosenberg*, 200 F. 2d 666, cert. den. 345 U. S. 965, 97 L. Ed. 1384, 73 S. Ct. 949; *United States v. Pisciotta*, 199 F. 2d 603; *United States v. Sturm*, 180 F. 2d 413, cert. den. 399 U. S. 986, 94 L. Ed. 1388, 70 S. Ct. 1008, and *Hilliard v. United States*, 345 F. 2d 252.

The judgment is affirmed.