No. 45,218

DOUGLAS WESLEY STILES, *Appellant*, v. STATE OF KANSAS, *Appellee*.

(440 P. 2d 592)

Opinion filed May 11, 1968.

*Cliff W. Ratner*, of Wichita, argued the cause, and *Gillard Cohen*, of Wichita, was on the brief for appellant.

*R. K. Hollingsworth*, Deputy County Attorney, argued the cause, and *Robert Londerholm*, Attorney General, and *Keith Sanborn*, County Attorney, were with him on the brief for appellee.

The opinion of the court was delivered by

FROMME, J.: The petitioner, Douglas Wesley Stiles, appeals from an order of the district court denying his motion to vacate without an evidentiary hearing. The motion was filed under K. S. A. 60-1507 to vacate sentences being served by him in the Kansas State Penitentiary.

He insists the failure to grant a full evidentiary hearing at which he might be present with counsel amounted to a denial of due process of law under the United States Constitution.

This court has held an evidentiary hearing is not required when no substantial issue of fact affecting his rights is presented in the motion. In such case the prisoner need not be transported to the hearing (*Carter v. State*, 199 Kan. 290, 428 P. 2d 758) and counsel does not have to be appointed for petitioner (*Smith v. State*, 199 Kan. 293, 429 P. 2d 103).

The United States Supreme Court has rendered similar decisions. (*Hysler v. Florida*, 315 U. S. 411, 86 L. Ed. 932, 62 S. Ct. 688; *Taylor v. Alabama*, 335 U. S. 252, 92 L. Ed. 1935, 68 S. Ct. 1415.)

Therefore, the question is whether the motion to vacate presented any substantial issue of fact.

In the motion petitioner set forth his many troubles in detail.

He was picked up by the police in December 1959 and wrongfully charged with second degree burglary. This interrupted a game of shuffleboard being played in a local bar. He was thus illegally separated from his wife and friends. A lawyer was appointed but he was not permitted to see the lawyer until after he was bound over for trial. Bond was arranged pending trial and he left town on a "traveling job." He was thus prevented from being present on the day his case was to be tried. Two years later he was picked up by police officers in Mobile, Alabama, and reminded of the trial date. On being returned to Wichita two additional charges were filed against him. One charge was forgery and the other uttering a forged check. Counsel was appointed.

Petitioner further states:

"This counsel when he came to see me, told me that in view of the burglary charge the prosecutor was asking for a 15 yr to life sentence as a habitual criminal. He later told me that the only way the prosecutor would lessen the time was on a plea of guilty. If I fought it, the prosecutor had stated he would get me the 'bitch.' (We understand the latter word is used to denote a sentence under the Habitual Criminal Act.) I told my lawyer I was not guilty of the burglary or forgery but was guilty of the uttering. He said he would look into it. He told me later that he had discussed this with the prosecutor and if I would plead guilty to all three charges he would let them go as a 1-10 yr concurrent by reducing the burglary. But if I fought it and cost the State any more money he would ask for the 'bitch.' I agreed under this pressure and was sentenced to three 1-10 yr terms to be served concurrent."

Because of these facts petitioner says his pleas of guilty were coerced by the prosecutor. We cannot agree.

*Machibroda v. United States,* 368 U. S. 487, 7 L. Ed. 2d 473, 82 S. Ct. 510, cited by petitioner to sustain his claim to an evidentiary hearing, is readily distinguishable on the facts. In *Machibroda* the prisoner was induced to plead guilty by promises made by an assistant United States Attorney that if he pleaded guilty the total sentence would be not more than twenty years. The court imposed consecutive sentences totalling forty years. In addition the right of allocution was not extended to Machibroda at the time of sentence.

Here petitioner talked only with his own attorney. The attorney with petitioner's assent sought a reduced penalty. As an alternative to trial petitioner chose to plead guilty and receive concurrent sentences. It is clear his choice of alternatives did not amount to coercion which would vitiate his pleas of guilty. (*Fields v. State,* 195 Kan. 718, 720, 408 P. 2d 674.)

Petitioner, with his attorney present, pleaded guilty in open court

to three separate charges, (1) third degree burglary, (2) forgery and (3) uttering a forged check. He stated he pleaded guilty to each charge because he was guilty and when asked by the judge if he knew of any reason why sentences should not be pronounced he answered, "No, sir." The pleas were voluntary. He received the sentences which he expected and which his own attorney negotiated with his assent.

Petitioner next complained in his motion that the commitment was erroneous. We find nothing wrong with the commitments. He was properly sentenced for third degree burglary to not more than five years. (G. S. 1949, 21-523) He was properly sentenced for forgery (G. S. 1949, 21-608) and for uttering (G. S. 1949, 21-609). The sentences for forgery and for uttering were proper under G. S. 1949, 21-631. The two commitments set forth these sentences. All sentences were concurrent. The bald statement of petitioner is not explained or supported.

Next it was claimed petitioner was denied copies of the journal entry and of the trial transcript. This claim is not presented on appeal and is abandoned. No direct appeal was taken and the district court was not required to order the county to furnish the defendant a transcript of his trial proceedings absent an appeal. (*State v. Chance,* 190 Kan. 661, 378 P. 2d 11.)

Arrest without a warrant was urged as a basis to vacate sentence. Assuming his arrest was irregular, any error was waived when petitioner pleaded guilty. (*Call v. State,* 195 Kan. 688, 408 P. 2d 668, cert. denied, 384 U. S. 957, 16 L. Ed. 2d 552, 86 S. Ct. 1581; *State v. Eaton,* 199 Kan. 610, 433 P. 2d 347.)

The eight remaining errors upon which claim for relief was predicated may be considered together. They relate to denial of counsel before interrogation, failure to advise of constitutional rights, refusal to permit visitation by wife, use of a police lineup and of a lie detector test.

Such claims relate to admissibility of evidence obtained prior to trial. The voluntary pleas of guilty made all such evidence unnecessary. Even if inadmissible the evidence was not used to support the convictions. Petitioner entered pleas of guilty and such evidence could not have affected the judgments or sentences. No prejudicial error could have resulted therefrom. (See *State v. Dobney,* 199 Kan. 449, 450, 429 P. 2d 928, and cases cited therein.)

The case of *Townsend v. Sain,* 372 U. S. 293, 9 L. Ed. 2d 770,

83 S. Ct. 745, cited by petitioner, is not in point. Townsend was tried before a jury.

Although what has been said disposes of all errors specified, we note that the petitioner failed to give the name and address of any witness or to specify any recorded evidence upon which he relied to support his motion to vacate. Rule No. 121 $(g)$ (197 Kan. LXXV) provides the uncorroborated statements of the movant (petitioner) shall be insufficient to sustain the burden of proof. (See *Chambers v. State,* 199 Kan. 483, 430 P. 2d 241.) An evidentiary hearing was not required.

The judgment is affirmed.