No. 45,964

Harold E. Hughes, *Appellee,* v. State of Kansas, *Appellant.*

(479 P. 2d 850)

Opinion filed January 23, 1971.

*Frank D. Menghini,* county attorney, argued the cause, and *Kent Frizzell,* attorney general, and *Nick Tomasic,* assistant county attorney, were with him on the brief for the appellant.

*William M. Cook,* of Kansas City, argued the cause, and *J. H. Dickens,* of Kansas City, was with him on the brief for the appellee.

The opinion of the court was delivered by

O'Connor, J.: This appeal grows out of a K. S. A. 60-1507 proceeding in which the district court vacated petitioner's conviction and sentence and ordered a new trial.

On May 12, 1967, petitioner, while represented by retained counsel, William Yockey, entered a plea of guilty to the offense of robbery in the first degree (K. S. A. 21-527). Before accepting petitioner's plea, the district court carefully inquired of him whether: (1) any threats or promises had been made to induce a guilty plea, (2) he had freely counseled with his attorney and had been advised of his rights, (3) he understood it was incumbent on the state to prove the charge beyond a reasonable doubt, and (4) he wanted a jury trial. In response to further questioning, petitioner recounted "what happened" the night of the alleged robbery. Following this rather lengthy colloquy, the court concluded:

"It is apparent to the Court that this defendant is pleading guilty entirely because he is guilty, and no threats, promises or duress have been made upon this man to force or induce him to make this plea, and he has had advice of counsel, he understands his right to a trial by jury, and expressly waives his right to trial by jury; and therefore this plea, as a voluntary plea, will be accepted. . . ."

At allocution, petitioner stated there was no legal reason why sentence should not be pronounced. Thereupon, he was sentenced to the penitentiary for a term of not less than ten nor more than twenty-one years (K. S. A. 21-530).

Petitioner filed a 60-1507 motion on November 6, 1969, alleging, in substance, there was no factual basis for his plea of guilty to the offense charged, and the only crime committed was that of larceny. Counsel was appointed and at the evidentiary hearing the court heard testimony from the petitioner and the victim, Margaret Essig, relating to the facts surrounding the offense. The journal entry reflects the following:

"Findings of Fact"

"1. That no weapon was used in the commission of the offense set forth in the information. . . .

"2. That the testimony adduced by petitioner shows the victim was not placed in fear of some immediate injury to her person.

"Conclusion of Law"

"1. That the requisite elements of the offense as alleged in the information . . . do not exist under the facts and therefore the plea of guilty entered thereto should be set aside and a new trial ordered."

The state contends the judgment and sentence imposed after petitioner's plea of guilty were not subject to collateral attack on the ground there was no factual basis for the plea. We believe, under the circumstances disclosed by this record, that the contention has considerable merit and must be upheld.

A fundamental principle of law in this state is that a plea of guilty, in order to be valid, must be freely, knowingly, and understandingly made. (*White v. State*, 203 Kan. 687, 455 P. 2d 562; *Webb v. State*, 195 Kan. 728, 408 P. 2d 662; *Miller v. Hudspeth*, 164 Kan. 688, 192 P. 2d 147.) Petitioner concedes his plea of guilty was voluntarily entered. We further note the district court's order was not in any way buttressed on incompetency or ineffective assistance of counsel, nor was it premised on the plea not being knowingly or understandingly made.

The net effect of the district court's action on petitioner's motion was that it heard evidence and resolved the question of guilt or innocence. Such action clearly exceeded the scope of the remedy afforded for post-conviction relief. This court has held many times that the guilt or innocence of a convicted person is not properly justiciable in a 60-1507 proceeding. (*Wood v. State*, 206 Kan.

540, 479 P. 2d 889; *Wolfe v. State*, 201 Kan. 790, 443 P. 2d 260; *Hanes v. State*, 196 Kan. 404, 411 P. 2d 643.) With respect to what issues may be raised, see, *Ware v. State*, 198 Kan. 523, 426 P. 2d 78.

In view of the guilty plea entered by petitioner, there was no occasion for the trial court to hear evidence relating to proof of the offense either at the time of trial or in this collateral proceeding. We have repeatedly said that once a plea of guilty has been voluntarily entered by an accused, there is absolutely no necessity to introduce any evidence to maintain the conviction. A voluntary plea of guilty is a confession of guilt of the crime charged and every fact alleged therein. (*Stiles v. State*, 201 Kan. 387, 440 P. 2d 592; *Wisely v. State*, 201 Kan. 377, 440 P. 2d 632; *Allen v. State*, 199 Kan. 147, 427 P. 2d 598; *McCall v. State*, 196 Kan. 411, 411 P. 2d 647.) Moreover, where judgment and sentence have been entered upon a plea of guilty, there can be no review of the sufficiency of the evidence in a 60-1507 proceeding. (*Toland v. State*, 200 Kan. 184, 434 P. 2d 550.)

The federal courts, in considering the federal counterpart (28 U. S. C. § 2255) of our statute, have held that a plea of guilty admits all facts well pleaded, and after entry of such a plea and imposition of sentence, a judgment is not subject to collateral attack on the ground that, as a factual matter, the accused was not guilty of the offense charged. (*Crow v. United States*, 397 F. 2d 284 [10th Cir. 1968]; *Adam v. United States*, 274 F. 2d 880 [10th cir. 1960].)

Petitioner seeks to support his position by relying on *McCarthy v. United States*, 394 U. S. 459, 22 L. Ed. 2d 418, 89 S. Ct. 1166. That case is clearly distinguishable for the reason it involved the violation by the sentencing court of Rule 11 of the Federal Rules of Criminal Procedure. The decision of the United States Supreme Court was based solely on that court's supervisory power over the lower *federal courts* regarding the acceptance of guilty pleas.

The judgment of the district court is reversed with directions to set aside its order vacating petitioner's conviction and sentence and granting a new trial.