No. 46,290

GEORGE CLAUDE JONES, *Appellant*, v. STATE OF KANSAS, *Appellee*.

(485 P. 2d 1349)

Opinion filed June 12, 1971.

*Emil C. Anderson, Jr.*, of Shawnee Mission, argued the cause, and was on the brief for the appellant.

*Mark L. Bennett, Jr.*, assistant county attorney, argued the cause, and *Vern Miller*, attorney general, and *James A. Wheeler*, county attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

O'CONNOR, J.: In this K. S. A. 60-1507 proceeding appellant attacks his judgment and sentence for the crime of robbery in the first degree (K. S. A. 21-527). The district court, after holding a full evidentiary hearing, denied the motion; hence this appeal.

Although numerous grounds are urged for granting relief, disposition of the case centers on appellant's assertion that his plea of guilty was coerced and involuntary.

On April 19, 1969, appellant, whose correct name is Ralph A. Gragg, was charged in the magistrate court of Johnson county with three felonies: assault with intent to rape, assault with intent to rob, and first degree robbery. He had been apprehended the night before by Kansas City, Missouri, police and was identified by one Dorothy Monroe, who earlier in the evening had been assaulted and robbed in a parking lot located in Leawood. At a preliminary hearing held May 1 the alleged victim again identified appellant as her assailant, resulting in his being bound over to district court for trial.

An information charging the three felonies was filed in district court May 2, and Robert G. Jones was appointed as appellant's counsel. On May 9 appellant appeared with his attorney before the district court and entered a plea of guilty to the robbery count. The transcript of proceedings at the time of the plea discloses appellant told the district court he understood the nature of the charge and the penalty therefor; that he understood he was entitled to a jury trial; and that no promises or threats had been made to induce a plea. After a brief statement of the facts pertaining to the crime by the assistant county attorney, the following transpired:

"THE COURT: Is that substantially correct, Mr. Jones?

"THE DEFENDANT: Well, I really don't know. I was drunk. I can't even recall what happened only that I was arrested and charged, and the police said the credit cards were found in my possession.

"THE COURT: You know they were found in your possession, though?

"THE DEFENDANT: Well they had them the next morning and said they was, so they must have been."

Thereupon, the plea of guilty was accepted, an allocution given, and sentence imposed to the state penitentiary for a term of not less than ten nor more than twenty-one years (K. S. A. 21-530). The other two felony counts were dismissed on motion of the state and commitment was ordered to issue.

From evidence before the district court at the 60-1507 hearing, it is apparent that considerable discussion occurred between appellant's counsel and the county attorney's office before entry of the guilty plea. Appellant was no stranger to the halls of justice inasmuch as his record bore four previous felony convictions, making him subject to a life sentence under the habitual criminal act. Numerous conferences were held by appellant and his counsel, and on one occasion they met with the assistant county attorney who advised them of the minimum and maximum punishment appellant was facing. Defense counsel was provided access to the county attorney's file on the case. Appellant himself was fully aware of the overwhelming evidence of guilt in possession of the state as a result of the preliminary hearing and his earlier identification by the complaining witness at the time of arrest. The plea discussions, which were in substantial compliance with the standards set forth and approved in *State v. Byrd,* 203 Kan. 45, 453 P. 2d 22, resulted in appellant's plea of guilty to robbery in the first degree, the state's dismissal of the other two felony charges, and the state's forbearance from invoking the habitual criminal act.

Appellant's contention that his plea of guilty was not freely, knowingly, and understandingly made because he was unable to recall and thus admit the acts constituting the crime may be laid to rest by what was said in *North Carolina v. Alford,* 400 U. S. 25, 27 L. Ed. 2d 162, 91 S. Ct. 160, by Mr. Justice White speaking for the majority:

". . . Thus, while most pleas of guilty consist of both a waiver of trial and an express admission of guilt, the latter element is not a constitutional requisite to the imposition of criminal penalty. An individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or *unable to admit* his participation in the acts constituting the crime.

"Nor can we perceive any material difference between a plea which refuses to admit commission of the criminal act [*nolo contendere*] and a plea containing a protestation of innocence when, as in the instant case, a defendant intelligently concludes that his interests require entry of a guilty plea and the record before the judge contains strong evidence of actual guilt." (p. 171.) (Emphasis added.)

In *Alford,* the defendant accompanied his plea with the statement that he had not committed the murder. In the instant case, appellant's statement of not being able to remember what happened cannot be said to have detracted from the otherwise voluntary nature of his plea. He makes no claim that he did not understand the nature of the charge or the consequences thereof. Indeed, his own statements at the time of the plea and the allocution were specifically to the contrary. (See, *Sharp v. State,* 203 Kan. 937, 457 P. 2d 14; *State v. Angle,* 197 Kan. 492, 419 P. 2d 935. This case is readily distinguishable from *Boykin v. Alabama,* 395 U. S. 238, 23 L. Ed. 2d 274, 89 S. Ct. 1709, where it did not appear from the record that the judge asked any questions of the defendant or that defendant addressed the court when the pleas were entered.

At all times during the plea negotiations appellant had the benefit of able and competent counsel who diligently and faithfully acted in the best interests of his client. However, the ultimate decision rested squarely on the appellant. He was faced with a choice of pleading guilty to one count of the information and receiving a sentence as a "first time loser," or going to trial on the three counts, and if convicted, receiving a lengthy sentence under the habitual criminal act. After consulting with his counsel and being fully aware of the possible penalties, he chose to plead guilty. His choice of the alternatives brought him advantages of considerable magnitude, all of which stemmed from the earlier plea negotiations. Our

cases are legion that a guilty plea is not rendered involuntary by reason it was induced by the prosecutor's promise not to invoke the provisions of the habitual criminal act. (*Weigel v. State,* [No. 46,267, this day decided]; *State v. Byrd,* supra; *Whaley v. State,* 202 Kan. 175, 446 P. 2d 397; *Stiles v. State,* 201 Kan. 387, 440 P. 2d 592.) The standard for determining the validity of a guilty plea is whether the plea represents a voluntary and intelligent choice among alternative courses of action open to the accused. (*North Carolina v. Alford,* supra.)

Appellant's further argument that his plea of guilty was coerced as a result of the totality of circumstances existing during the 21-day period from the date of his arrest to the time of sentencing is so insubstantial that discussion is not warranted. It suffices to say that a petitioner in a 1507 proceeding has the burden of proving that his plea of guilty was involuntary. Here the district court's finding that appellant's plea was understandingly, knowingly, and voluntarily made is supported by substantial, competent evidence and will not now be disturbed on appeal. (*Cox v. State,* 205 Kan. 867, 473 P. 2d 106; *White v. State,* 203 Kan. 687, 455 P. 2d 562; *Wippel v. State,* 203 Kan. 207, 453 P. 2d 43.)

Appellant also complains that his constitutional rights were violated because he was without counsel at the "one-man line up" in Kansas City, Missouri, he was held under excessive bail, and he was denied counsel at his preliminary hearing. These contentions completely overlook the impact of his guilty plea. It has long been the law of this state that when an accused enters a voluntary plea of guilty, he is deemed to have waived any irregularities which may have occurred in the proceedings prior thereto. (*Lee v. State,* 207 Kan. 185, ___ P. 2d ___; *State v. Brown,* 204 Kan. 430, 464 P. 2d 161; *State v. Kilpatrick,* 201 Kan. 6, 439 P. 2d 99.) This includes any constitutional question relating to the lack of counsel at the preliminary hearing (*Brown v. State,* 198 Kan. 345, 424 P. 2d 576; *Blacksmith v. State,* 195 Kan. 523, 407 P. 2d 486); any claim of excessive bail (*State v. Way,* 204 Kan. 375, 461 P. 2d 820); and any question about the sufficiency of evidence to support guilt (*Hughes v. State,* 206 Kan. 515, 479 P. 2d 850; *Toland v. State,* 200 Kan. 184, 434 P. 2d 550; *Dexter v. Crouse,* 192 Kan. 151, 386 P. 2d 263). Once a plea of guilty has been entered there is no necessity to introduce any evidence to maintain the conviction. Therefore, whether evidence of identification from the line up would have been ad-

missible at a trial is immaterial. Moreover, we should add that appellant has failed to show his substantial rights were in any way prejudiced by the lack of counsel either at the line up or at his preliminary examination. (See, *State v. Fountaine*, 196 Kan. 638, 414 P. 2d 75.)

After a careful examination of the record, we are satisfied the district court properly concluded that appellant was not entitled to relief.

The judgment is affirmed.