No. 46,486

Leonard Eunice Bruffett, *Appellant*, v. State of Kansas, *Appellee*.

(494 P. 2d 1160)

Opinion filed March 4, 1972.

*Sam K. Bruner*, of Overland Park, argued the cause and was on the brief for appellant.

*Ray L. Borth*, assistant county attorney, argued the cause, and *Vern Miller*, attorney general, was with him on the brief for appellee.

The opinion of the court was delivered by

Fatzer, C. J.: This is an appeal from a judgment denying relief in a proceeding commenced pursuant to K. S. A. 60-1507.

On September 15, 1966, the appellant was convicted by a jury of the crime of second degree forgery. On September 29, 1966, he was sentenced to at least 40 years in the Kansas State Penitentiary under the Habitual Criminal Act. (K. S. A. 21-107a.) Mr. Joseph Anderson, an experienced member of the Johnson County Bar, was appointed by the district court to represent the appellant at his trial.

Following the appellant's confinement in the penitentiary, he corresponded with the Honorable Herbert W. Walton, district judge, with respect to being furnished a free transcript of the proceedings of his trial. At about the same time, he initiated a direct

appeal *pro se,* and on February 24, 1967, the district court appointed Mr. Anderson to represent him.

On April 28, 1967, counsel moved the district court for a free transcript of the trial proceedings, and the request was granted that same day. However, the order granting the transcript was almost one month after the six month period had expired to perfect a direct appeal from the appellant's conviction of forgery. (K. S. A. 62-1724.)

Subsequently, and on December 1, 1967, counsel for the appellant elected to file a 60-1507 proceeding in which he alleged constitutional as well as trial errors which were claimed to have occurred at the appellant's trial. Judge Walton heard arguments on all points raised by the appellant, including the questions of alleged trial errors, although realizing that under Rule No. 121 (c) (3) of this court, he did not have to hear questions concerning trial errors due to the fact that questions of such character are to be resolved upon direct appeal. Having considered all points raised by the appellant, Judge Walton denied relief.

Upon appeal, this court likewise considered and decided all points which were raised by the appellant in his 60-1507 appeal, including questions concerning alleged trial errors, and affirmed the judgment. See *Bruffett v. State,* 205 Kan. 863, 472 P. 2d 206, cert. den. 400 U. S. 1010, 27 L. Ed. 2d 624, 91 S. Ct. 571, which opinion is incorporated herein by reference.

Following the filing of the appellant's second 60-1507 proceeding on February 16, 1971, the district court appointed Mr. Sam K. Bruner, of the Johnson County Bar, to represent him. The motion alleged that, and the appellant here contends, he was denied effective assistance of counsel by his court appointed attorney, Mr. Anderson, for his failure to undertake a direct appeal as a matter of right, but, instead, after the statutory period of six months had run to perfect the appeal, elected to take a 60-1507 appeal, thus denying the appellant his fundamental constitutional rights.

The present motion to vacate contains no allegations of factual matters for consideration of the district court, nor does it list witnesses that would support the appellant's contention. At most, the motion contains the unsupported assertion the appellant was denied effective assistance of counsel in obtaining effective appellate review of constitutional and alleged trial errors. While the appellant's brief contains a statement that Mr. Anderson failed to consult with him, the motion itself and the record is void of any evidence that would show consultation, or lack of consultation.

The matter was submitted to Judge Walton upon the entire record and argument of counsel. In denying relief, the court stated:

". . . Gentlemen, and hearing the statements of counsel, there has been nothing presented to the Court that would indicate to me that he has been denied any jurisdiction or trial court error review. There is no question from a review of the file that every time Mr. Bruffett contacted the Court, the Court acted promptly on any request he made. I think the record is clear on that. While it is true the Court did not direct him as to what procedures he should make, I don't feel that the Court should. His attorney who represented him at the trial of the case, and knew the case in and out, and the various and sundry matters to be presented thereon, chose to use the form of a K. S. A. 60-1507, and I don't know Gentlemen; I don't think this Court can tell counsel what procedures to utilize and what not to utilize in representing a person on appeal. But even assuming for the purpose of argument, that he did not utilize the proper mechanism or set or statutes to have his case reviewed, there has been no showing to the Court that any matters complained of has not been, in fact, reviewed. The only additional matter brought to the attention of the Court is simply because his counsel decided to take K. S. A. 60-1507 procedure instead of a direct appeal, that this denied him effective assistance of counsel, and I just don't understand this, and this is simply, completely an uncorroborated statement of Bruffett, and has no basis in fact that the Court can ascertain, and therefore, Gentlemen, the Court feels as a matter of law, the Court will have to deny the motion of the Movant and sustain the motion of the State of Kansas, and that will be the ruling of the Court . . ."

It is axiomatic that an indigent defendant is entitled to effective counsel on appeal. (*Douglas v. California*, 372 U. S. 353, 9 L. Ed. 2d 811, 83 S. Ct. 814, reh. den., 373 U. S. 905, 10 L. Ed. 2d 200, 83 S. Ct. 1288; *Draper v. Washington*, 372 U. S. 487, 9 L. Ed. 2d 899, 83 S. Ct. 774.) But that is not the issue in this case. As this court has held on numerous occasions, the movant in a 1507 proceeding has the burden to establish that his constitutional rights have been violated. (*Jolly v. State*, 200 Kan. 202, 434 P. 2d 547; *Peterson v. State*, 203 Kan. 959, 457 P. 2d 6; *Johnson v. State*, 203 Kan. 947, 457 P. 2d 181; *Lee v. State*, 204 Kan. 361, 461 P. 2d 743; *Baker v. State*, 204 Kan. 607, 464 P. 2d 212.) As indicated, the appellant chose to present argument to the district court through his counsel. There was no evidence presented other than the official records, nor did the motion to vacate allege the existence of any factual matters in dispute.

The question then becomes one of law. Does the unsupported assertion of the appellant that his court appointed counsel failed to prosecute a direct appeal and elected instead to raise the propriety of constitutional questions and trial errors by a motion to vacate constitute the denial of effective assistance of counsel as required

by the Sixth and Fourteenth Amendments? Under the facts and circumstances, we think not. The record clearly indicates the appellant was permitted to and did raise constitutional questions and trial errors which were considered and decided. (*Bruffett v. State,* supra.)

While a proceeding instituted pursuant to the provisions of K. S. A. 60-1507 cannot ordinarily be used for the purpose of reviewing trial errors which might have been reviewed in an original criminal appeal (*Yurk v. State,* 208 Kan. 946, 495 P. 2d 87, and *Turner v. State,* 208 Kan. 865, 494 P. 2d 1130, both this day decided), the fact remains that the trial errors alleged by the appellant have been reviewed not only by the district court but also at the appellate level by this court on a previous occasion. (*Bruffett v. State,* supra.)

Adequacy of counsel must be gauged by the totality of representation. The burden is upon the movant to establish incompetency of counsel, and in 1507 proceedings incompetency of counsel is not presumed. (*Toland v. State,* 200 Kan. 184, 434 P. 2d 550; *Baker v. State,* supra.) In addition, where mere conclusions are asserted in the motion to vacate, the decision whether the presence of the defendant or the presentation of evidence is required remains within the sound discretion of the district court. (*Redd v. State,* 199 Kan. 431, 429 P. 2d 925; *Smith v. State,* 199 Kan. 293, 429 P. 2d 103.)

It necessarily follows from the record that the appellant has failed to sustain his burden of proof, and the district court did not err in denying the relief requested.

The judgment is affirmed.