No. 46,868

Isaac Richard Ames, *Appellant,* v. State of Kansas, *Appellee.*

(511 P. 2d 219)

Opinion filed June 9, 1973.

*David M. Mills,* of Arkansas City, [court-appointed], argued the cause and was on the brief for the appellant.

*Richard B. Camp,* County Attorney, argued the cause, and *Vern Miller,* Attorney General, was with him on the brief for the appellee.

The opinion of the court was delivered by

Kaul, J.: This is an appeal by the petitioner in a proceeding instituted pursuant to K. S. A. 60-1507 wherein the trial court denied relief without an evidentiary hearing.

On August 14, 1969, petitioner entered pleas of guilty to charges of felonious enticement of a minor in violation of K. S. A. 38-711 [repealed, Laws of 1969, Chapter 180, Section 21-4701], and kidnaping in the third degree in violation of K. S. A. 21-451 [repealed, Laws of 1969, Chapter 180, Section 21-4701]. Sentences of not less than one nor more than five years and not to exceed twenty years to run concurrently were imposed.

On January 5, 1972, petitioner filed his motion *pro se* instigating the instant proceedings. In his motion for relief petitioner alleged what appears to be three grounds upon which he says the judgment and sentences imposed on August 14, 1969, should be vacated and set aside. Petitioner first claimed his constitutional rights under the Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States and Section Ten of the Bill of Rights to the Constitution

of the State of Kansas were violated. Secondly, petitioner alleged that he did not have the effective assistance of counsel. Petitioner's third allegation is difficult to interpret, but it appears to be that he claims there were violations of statutes pertaining to preliminary hearings; use of inquisition testimony; and the deprivation of his right to a jury trial. The statutes cited by petitioner were enacted as part of our new code of criminal procedure which became effective June 1, 1970, subsequent to petitioner's convictions and sentences.

On March 9, 1972, the trial court examined petitioner's motion and the entire record of the proceedings pertaining to petitioner's convictions and sentencing in 1969, particularly the allocution conducted at the time of accepting petitioner's pleas. The court found that the files, records and correspondence concerning petitioner's convictions conlusively showed that he was not entitled to relief; that an evidentiary hearing was unnecessary; and that there was no reason to appoint counsel at that time. The trial court also noted and made a part of its decision by reference, a letter of the Kansas Defender Project of the University Kansas School of Law which shows that petitioner's complaints were very carefully investigated and found to be without merit.

Thereafter, on motion of petitioner, counsel was appointed and this appeal was timely perfected.

On appeal, petitioner again asserts three points of error which are related to the three allegations of his motion. He says the trial court erred in not finding (1) that his constitutional rights to due process of the law were violated; (2) that he was denied effective assistance of counsel; and (3) that he was entitled to an evidentiary hearing and appointment of counsel.

The careful and thorough allocution afforded petitioner, prior to the court's acceptance of his pleas of guilty, resolves all of the points raised on appeal and fully sustains the trial court's judgment. The record also reflects that petitioner was afforded experienced counsel shortly after his arrest and prior to his preliminary hearing.

On questioning by the court on allocution, petitioner's counsel informed the court that he had discussed the charges with petitioner on numerous occasions and that the nature thereof and the penalties involved had been fully explained. Before accepting the pleas, the trial court personally informed the petitioner of his right to a jury trial; to subpoena witnesses; and to take the witness stand himself. The court also explained that the charges amounted to felonies and

what the possible penalties might be. Petitioner's response to all questions concerning his understanding of his position, the nature of the proceedings, and the voluntariness of his pleas were in the affirmative.

A voluntary plea of guilty is a confession of guilt of the crime charged and an admission of all of the facts alleged in an information. (*Collins v. State,* 210 Kan. 577, 502 P. 2d 851; *Hughes v. State,* 206 Kan. 515, 479 P. 2d 850; *Stiles v. State,* 201 Kan. 387, 440 P. 2d 592.)

The record conclusively shows that petitioner's pleas of guilty were voluntarily, freely and understandingly entered without any coercion or duress. There was no substantial issue of fact or question of law raised by petitioner's motion; therefore an evidentiary hearing and the appointment of counsel were not required. (*Rhone v. State,* 211 Kan. 206, 505 P. 2d 673; *Wood v. State,* 206 Kan. 540, 479 P. 2d 889.)

The judgment is affirmed.