No. 47,211

ROBERT LEO ROY, Alias "ROBERT LEO TIMMS," *Appellant,* v. STATE OF KANSAS, *Appellee.*

(514 P. 2d 832)

Opinion filed October 11, 1973.

*George A. Groneman,* of White & Groneman, Chartered, of Kansas City, argued the cause and was on the brief for appellant.

*Nick A. Tomasic,* district attorney, argued the cause, and *Vern Miller,* attorney general, and *Larry Leonard* and *Gary D. Poulsen,* deputy district attorneys, were with him on the brief for appellee.

The opinion of the court was delivered by

FATZER, C. J.: The appellant, Robert Leo Roy, was convicted in March, 1968, as a principal in the second degree and accessory before the fact to the crime of manslaughter in the first degree.

(K. S. A. 21-105.) The facts attending that conviction and our affirmance thereof are contained in *State v. Roy,* 203 Kan. 606, 455 P. 2d 512.

Appellant filed a petition for post-conviction relief pursuant to K. S. A. 60-1507 on May 21, 1970. An order denying relief was entered by the district court October 21, 1970. In that order the district court after reviewing pertinent court files found a determination of the issues did not require appellant's presence, and held the petition to be without merit. Thereafter, appellant filed *pro se* a notice of appeal and counsel was appointed to assist him in perfecting his appeal.

Several extensions of time were granted counsel within which to designate the record on appeal. Concomitant with those extensions, appellant filed a federal habeas corpus action. The record discloses the United States Court of Appeals for the Tenth Circuit issued an order October 4, 1972, remanding appellant's federal habeas corpus action back to the United States District Court with instructions the sentencing court be directed to make a determination whether appellant had been denied due process of law in his post-conviction appeal.

On October 20, 1972, a hearing was held in the Wyandotte district court to consider a motion for reinstatement of Roy's appeal from the October 21, 1970, order denying him post-conviction relief. No reinstatement was granted. Instead, the court entered an order granting appellant an evidentiary hearing and directed him to be present at the hearing. At the same time, the court relieved previously appointed counsel, and appointed George A. Groneman, appellant's present counsel. On November 6, 1972, the district court after a full evidentiary hearing entered an order again denying appellant post-conviction relief.

Thereafter, appellant filed *pro se* a motion for rehearing. A rehearing was granted November 21, 1972. On November 27, 1972, the district court entered an order denying the relief requested. On January 3, 1973, the appellant filed this appeal from the orders denying him relief to vacate his conviction and sentence. The record on appeal was docketed in this court on June 18, 1973. With the filing of the appellee's brief, the case assumed a readiness posture on August 29, 1973, and was heard by this court on September 17, 1973.

Appellant first contends the district court erred in admitting into

evidence six colored slides (Exhibits 8-13) depicting his deceased son.

This court takes judicial notice of appellant's direct appeal contained in *State v. Roy,* supra. (*Smith v. State,* 199 Kan. 293, 429 P. 2d 103.) In his direct appeal, appellant raised the issue of the colored slides and subsequently abandoned it. The post-conviction remedy provided by K. S. A. 60-1507 is not to be used as a substitute for a second appeal involving trial errors, unless such errors affect constitutional rights and there were exceptional circumstances excusing the failure to raise the alleged errors in the direct appeal. (*Eaton v. State,* 206 Kan. 187, 476 P. 2d 694; *Yurk v. State,* 208 Kan. 946, 495 P. 2d 87.) The record in this case discloses no exceptional circumstances. Moreover, at oral argument counsel for the appellant acknowledged that fact.

Appellant next contends his constitutional rights were infringed upon by the prosecution releasing information on evidentiary matters to the press, and by juror misconduct in reading newspaper articles concerning the trial during recesses. We are concerned here with eighteen newspaper articles published during the period of approximately three years. We consider first the issue of juror misconduct. This court has consistently adhered to the well-settled principle applicable both to civil and criminal cases, that a juror's reading of newspaper articles pertaining to the trial is not grounds for reversal, new trial, or mistrial unless the articles are of such a character that they might have resulted in prejudice to the losing party. (*Fields v. Dewitt,* 71 Kan. 676, 81 Pac. 467; *Zimmer v. State,* 206 Kan. 304, 477 P. 2d 971; 31 A. L. R. 2d 417.) To constitute grounds for such action it must affirmatively appear that prejudice has resulted, and the party claiming prejudice has the burden of proof. (58 Am. Jur. 2d New Trial, § 94.) In Kansas, juror misconduct is trial error, correctable only on direct appeal. Only when such trial errors impinge on constitutional rights will they be considered in post-conviction relief, and then only in exceptional cases. (*Jackson v. State,* 204 Kan. 823, 465 P. 2d 927; *Tuscano v. State,* 206 Kan. 260, 478 P. 2d 213.) Additionally, where alleged juror misconduct claimed as prejudicial is known by the party or his counsel prior to rendition of a verdict, and no objection is made, nor the matter brought to the court's attention, that party cannot later assert the misconduct as grounds for a new trial. (58 Am. Jur. 2d, New Trial, § 77.)

The record reveals no exceptional circumstances. Moreover, appellant has not established that prejudice resulted from the jurors

reading the newspaper articles. By appellant's own admission, both he and his retained counsel knew of the alleged misconduct but failed to raise any objection at the trial or bring the matter to the court's attention. The appellant's contention with respect to jury misconduct is without merit.

We turn now to appellant's contention respecting the press releases by the prosecution. When appellant was tried, the controlling statute regarding this argument was K. S. A. 62-1420 (Repealed L. 1970, Ch. 129, § 22-4604). That statute provided in part:

". . . That the neglect or refusal of the person on trial to testify, or of the husband or wife of such person on trial to testify in behalf of the person on trial, shall not raise any presumption of guilt, nor shall the circumstances that either or both such husband and wife failed or refused to testify be either commented upon or referred to by any attorney prosecuting in the case, nor shall the same be considered by the court or jury before whom the trial takes place."

While K. S. A. 62-1420 prohibited any prosecutor from commenting or referring to the circumstances of the neglect or refusal of the person on trial to testify, contravening conduct by a prosecutor did not necessarily result in prejudice. (*State v. Stubbs*, 186 Kan. 266, 349 P. 2d 963, cert. den. 363 U. S. 852, 4 L. Ed. 2d 1734, 80 S. Ct. 1632.) It is incumbent upon the party claiming such conduct to be prejudicial, to establish that the jury was so influenced thereby as to prejudicially affect his substantial right. (*State v. Freeman*, 198 Kan. 301, 424 P. 2d 261.) In the case at bar, the comments complained of were made in August 1965 and July 1966. Appellant was tried in March 1968. Although the comments were perhaps improper, their relationship in time to the appellant's trial was too remote to hold prejudice resulted. Furthermore, appellant has failed to show the jury was prejudiced by any comments of the prosecution.

Finally, appellant contends it was a denial of his constitutional right to due process of law to deny him an evidentiary hearing on his K. S. A. 60-1507 motion until over two years after said motion was filed.

Appellant's motion was filed on May 21, 1970, and the order denying it was entered October 21, 1970. On October 29, 1970, he filed *pro se* a notice of appeal and counsel was appointed. No action was taken by his appointed counsel until May 4, 1971, a period of seven months. Counsel then filed a motion requesting an extension of sixty days to designate the record on appeal. Thereafter, the only action taken by counsel for the next fifteen months was the entering

of additional motions requesting more time to designate the record on appeal. Later, and on October 20, 1972, a hearing was conducted by the district court to consider appellant's motion for reinstatement of his appeal. Previously appointed counsel was relieved, and present counsel was appointed. The district court then granted appellant an evidentiary hearing, at the conclusion of which the court again denied appellant's motion for relief.

A court is not required to appoint counsel and hold an evidentiary hearing merely because a motion for post-conviction relief has been filed. If records conclusively show a petitioner is not entitled to relief, it is not error to conclude the proceedings by summary hearing. (*Jamerson v. State*, 210 Kan. 751, 504 P. 2d 147; *Redd v. State*, 199 Kan. 431, 429 P. 2d 925.) Appellant Roy received a fair and impartial trial. He was afforded appellate review for alleged trial errors in a direct appeal. In his petition for post-conviction relief eight specifications of error were alleged. Save for his claim of potential prejudicial publicity, the errors set out in his petition duplicated matters ruled upon in his direct appeal. Under these circumstances the district court was justified in summarily denying relief.

During oral argument, counsel for the appellant advanced the proposition the two year time frame constituted inordinate delay and vitiated the conviction. We disagree. The prevailing rule is that inordinate delay in adjudicating an asserted post-conviction remedy may very well work a denial of due process of law. (*Smith v. State of Kansas*, 356 F. 2d 654 [10th Cir. 1966], cert. den. 389 U. S. 871, 19 L. Ed. 2d 151, 88 S. Ct. 154, rehearing denied 389 U. S. 1010, 19 L. Ed. 2d 612, 88 S. Ct. 567; *Hoffler v. Peyton*, 411 F. 2d 608 [4th Cir. 1966]; *Odsen v. Moore*, 445 F. 2d 806 [1st Cir. 1971].) We do not believe, however, the determination of whether there has been inordinate delay is of necessity a question of comparatives. Any comparative analysis of a delay's time frame is meaningless for it disregards completely the particular rules of procedure involved. The delay attending an individual's motion for post-conviction relief requires an analytical inquiry into the facts and circumstances of the case. Close scrutiny of the two years complained of in the instant case reveals appellant had proffered to the district court an intent to appeal the original order denying his motion, and that intent was frustrated through either appellant or his court appointed counsel's misfeasance.

A privately retained counsel's misfeasance is not state action and

therefore does not constitute deprivation of due process of law. (*McGriff v. Wainwright*, 431 F. 2d 897 [5th Cir. 1970].) Is the delay occasioned by court appointed counsel state action within the meaning of the Fourteenth Amendment? We think it is not. To hold otherwise would impose upon our system of criminal justice an unwarranted dichotomy with respect to attorneys in criminal actions. Moreover, a contrary holding would place the judiciary in a supervisory role of unprecedented magnitude. We note also that in *Prescher v. Crouse*, 431 F. 2d 209 [1970], the United States Court of Appeals for the Tenth Circuit, said delay caused by court appointed counsel is not imputed to the state, nor chargeable as inordinate delay where such delay is beyond the state's control.

Moreover, we believe the principle stated in *Brizendine v. State*, 210 Kan. 241, 499 P. 2d 525, is applicable to this situation. There it was stated:

"There are a number of federal cases involving similar factual situations where an accused was denied effective assistance of counsel thereby resulting in the denial of an appeal from a conviction. In each case the court held that an outright discharge of the prisoner was not proper but rather he was entitled to an opportunity to take an out-of-time appeal from his original conviction. (*Anders v. California*, 386 U. S. 738, 18 L. Ed. 2d 493, 87 S. Ct. 1396; *Atilus v. United States*, 406 F. 2d 694, *Benoit v. Wingo*, 423 F. 2d 880; *Kent v. United States*, 423 F. 2d 1050.) We find nothing to the contrary in *Dickey v. Florida*, 398 U. S. 30, 26 L. Ed. 2d 26, 90 S. Ct. 1564. . . ." (l. c. 244.)

In this case the district court, in lieu of reinstating the appellant's initial appeal, granted him a full evidentiary hearing. The appellant was present and had the opportunity to present evidence on any point he was relying upon. He offered no evidence on the cause of the alleged delay of his original appeal. It is crystal clear appellant's present counsel in no way contributed to the two year time frame complained of. The Kansas procedural rules are not at fault in providing for prompt and efficient appellate review when properly pursued. There is nothing in the record to show the two year period is chargeable to the state. Appellant had the burden of showing the delay was directly attributable to causes within the state's control. This he failed to do. Under such circumstances, we conclude there is an absence of inordinate, excessive or inexcusable delay chargeable to the state.

The judgment is affirmed.