No. 47,114

Frances Ivan Peterson, *Appellant*, v. State of Kansas, *Appellee*.

(524 P. 2d 740)

Opinion filed July 17, 1974.

*Patrick J. Hurley*, of Leavenworth, argued the cause and was on the brief for appellant.

*Patrick J. Reardon*, county attorney, argued the cause, and *Vern Miller*, attorney general, was with him on the brief for appellee.

The opinion of the court was delivered by

Fatzer, C. J.: This is an appeal from an order denying the petitioner post-conviction relief pursuant to K. S. A. 60-1507.

In April 1964, the petitioner, Francis Ivan Peterson, endorsed and cashed a check payable to the order of "Lary Johnson" at a Safeway store in Leavenworth, Kansas. A complaint was filed charging him with forgery in violation of K. S. A. 21-608 and uttering a forged instrument in violation of K. S. A. 21-609. On May 15, 1964, the petitioner appeared in the Leavenworth city court, waived his preliminary hearing, and was bound over to the district court for trial. Thereafter, he departed this state. The record discloses that while outside this state, the petitioner was incarcerated in the state of Minnesota.

Peterson was returned to Kansas in December 1965. On March 1, 1966, he entered a plea of guilty to the charges of forgery and uttering. His court-appointed counsel then moved the district court to place the petitioner on probation. The petitioner was sentenced to two concurrent terms of not more than ten years. However, the court suspended execution of the sentence and placed Peterson on probation for five years.

On September 27, 1967, approximately seventeen months after

being granted probation, the petitioner's probation was revoked for reason not relevant to this appeal, and he was committed to the Kansas State Penitentiary.

A petition seeking post-conviction relief (60-507) was filed by Peterson on May 1, 1972. At an evidentiary hearing, petitioner testified his court-appointed attorney did not consult with him, nor advise him of the nature of the charges until just prior to arraignment; that he was not advised as to the sentence he could receive if he pleaded guilty; that he was threatened by the county attorney with invoking the Habitual Criminal Act (K. S. A. 21-107a) if he did not plead guilty; that he was threatened with physical violence by a deputy sheriff, and that if he had been apprised of the potential sentence involved and had not be coerced, he would not have pled guilty. The district court found the petitioner's contention to be without merit and denied the petition for post-conviction relief. Thereafter, the petitioner perfected this appeal.

Peterson first contends his conviction should be vacated because his pea of guilty was involuntary and the product of coercion, threats and intimidation. The requirement that a plea of guilty must be intelligently and voluntarily given to be valid has long been recognized by this court. (*Miller v. Hudspeth,* 164 Kan. 688, 192 P. 2d 147; *McCall v. State,* 196 Kan. 411, 411 P. 2d 647; *Young v. State,* 206 Kan. 318, 478 P. 2d 194; *McCarther v. State,* 211 Kan. 152, 505 P. 2d 773.) In prior cases, this court has consistently examined the record to ascertain whether pleas were involuntary. (*Jones v. Amrine,* 154 Kan. 630, 121 P. 2d 263; *White v. Crouse,* 193 Kan. 674, 396 P. 2d 333, *cert. den.* 381 P. S. 954, 14 L. Ed. 2d 727, 85 S. Ct. 1814; *Stewart v. State,* 206 Kan. 147, 476 P. 2d 652; *Weathers v. State,* 208 Kan. 653, 493 P. 2d 270; *Rhone v. State,* 211 Kan. 206, 505 P. 2d 673; *Ames v. State,* 212 Kan. 409, 511 P. 2d 219; *Mayberry v. State,* 213 Kan. 199, 515 P. 2d 819.) A plea of guilty is not rendered involuntary by reason that it was induced by a promise not to invoke the provisions of the Habitual Criminal Act. (*Stiles v. State,* 201 Kan. 387, 440 P. 2d 592; *Weigel v. State,* 207 Kan. 614, 485 P. 2d 1347; *State v. Williams,* 208 Kan. 480, 493 P. 2d 258; *Rice v. State,* 213 Kan. 591, 518 P. 2d 400.) The record conclusively shows the petitioner's plea of guilty was a voluntary and intelligent choice from the alternative courses of action open to him. (*Rice v. State,* supra; *North Carolina v. Alford,* 400 U. S. 25, 27 L. Ed. 2d 162, 91 S. Ct. 160.)

The petitioner contends the district court erred in not advising him as to the consequences of his plea and the potential sentence provided by law. The argument is an attempt to have this court apply retroactively the provisions of K. S. A. 1973 Supp. 22-3210. Without further comment, we conclude the contention is without merit. (*State v. Mitchell,* 210 Kan. 470, 502 P. 2d 850.)

It is contended by the petitioner that he was denied effective assistance of counsel. To constitute a denial of the constitutional right to counsel it must clearly appear that the representation afforded the accused was wholly ineffective and inadequate. (*Reid v. State,* 213 Kan. 298, 515 P. 2d 1040.) The adequacy of counsel's services to his client must be gauged by the totality of his representation. (*Bruffet v. State,* 208 Kan. 942, 494 P. 2d 1160.) Rule 121 (g) provides the petitioner has the burden of establishing his grounds for relief by a preponderance of the evidence. (211 Kan. xliv.) Mere conclusionary contentions of the petitioner for which no evidentiary basis appears are not sufficient basis for relief from conviction. (*Burns v. State,* 215 Kan. 497, 524 P. 2d 737.) Implicit in the district court's order denying the petitioner post-conviction relief is a finding that he failed to sustain his burden of proof.

Measured by the foregoing principles, we are of the opinion that the petitioner was not denied the effective assistance of counsel.

The petitioner's final contention is the delay between the preliminary hearing and arraignment is sufficient cause to vacate his conviction. The point is not well taken. The delay was occasioned by petitioner's action—not that of the state. The petitioner cannot complain of delay that he has occasioned. (*Roy v. State,* 213 Kan. 30, 514 P. 2d 832.)

The judgment of the district court is affirmed.