No. 47,757

Jerry Trotter, *Appellant,* v. State of Kansas, *Appellee.*

(543 P. 2d 1023)

Opinion filed December 13, 1975.

*Dennis O. Smith,* of Hodge, Reynolds, Smith, Peirce & Forker, of Hutchinson, argued the cause and was on the brief for appellant.

*Charles A. Briscoe,* assistant county attorney, argued the cause, and *Curt T. Schneider,* attorney general, and *Porter K. Brown,* county attorney, were with him on the brief for appellee.

The opinion of the court was delivered by

Fatzer, C. J.: This is an appeal from an order of the district court denying petitioner's motion for post-conviction relief pursuant to K. S. A. 60-1507.

On April 25, 1974, the appellant Jerry Trotter walked into Mammel's Jack and Jill grocery store in Hutchinson and took approximately $1,011 from an employee at the point of a .22 caliber pistol. The police were called while the robbery was in progress, and an officer who was near the store responded to the call. Arriving at the store, the officer saw Trotter emerge, gun and moneybag in hand. The officer, driving a marked police car, pulled into the parking lot and ordered the appellant to halt and drop his gun.

Instead, Trotter fired at the officer and then ran to the passenger side of the police car and fired two shots at close range. The shots struck a comb in the officer's left breast pocket which deflected the bullets and saved the officer's life. The appellant ran, and was captured two blocks away, gun and moneybag still in hand.

The appellant was charged with aggravated robbery (K. S. A. 21-3427), aggravated battery against a law enforcement officer (K. S. A. 21-3415) and unlawful possession of a firearm (K. S. A. 21-4204). On the following day, April 26, counsel was appointed, and the case proceeded through preliminary examination on May 3, and arraignment in the district court on June 3, where a plea of not guilty was entered.

On July 1, 1974, the case was called for trial. The judge began to rearraign the appellant, at which time Trotter fainted. The appellant's doctor was called who examined him and reported to the court. The trial was continued to July 8.

On July 8, a jury was impaneled and the trial commenced. In the middle of the afternoon, after the state had presented six witnesses, the appellant announced he desired to plead guilty. The record shows the following occurred:

"The Court: I understand that you want to enter a plea, is that correct?

"The Defendent: Yes sir.

"The Court: Very well, if you will present yourself to the Court.

"The Court: You are Mr. Jerry Trotter?

"The Defendant: Yes sir.

"The Court: And you have been the subject of this jury trial for so long here?

"The Defendant: That is right.

"The Court: And did you announce to your counsel Mr. Granger that you desire to plead and not go on with this trial?

"The Defendant: Yes.

"The Court: Do you know what you are charged with?

"The Defendant: Uh, huh. Well, yeah. Yes sir.

"The Court: You are going to plead to all counts, there are three counts?

"The Defendant: Well I would like to. Will he make a deal?

"Mr. Granger: I don't think he will.

"The Court: There are three counts, do you wish to plead to all three counts?

"The Defendant: I don't know.

"The Court: We will proceed with the jury trial, if you will take the chair there . . .

"The Defendant: Don't he want to plea bargaining? Yes, I plead to all three your Honor.

"Mr. Granger: He will plead to all three, your Honor, he didn't understand.

"The Court: You will plead to all counts?

"The Defendant: Yes sir."

Further proceedings were then conducted wherein defendant entered and the court accepted pleas of guilty to all three counts. The defendant received sentences of fifteen years to life on both the aggravated robbery charge and the aggravated battery charge, and a sentence of one to five years on the firearms charge. These sentences were to run concurrently, but consecutively to any previous felony sentences the defendant was serving and from which he had been paroled.

On August 13, 1974, defendant filed a motion *pro se* pursuant to K. S. A. 60-1507 to set aside his conviction. The motion was summarily denied on the record by the district court. Thereafter, counsel was appointed and this appeal perfected.

Appellant's primary point on appeal is that his guilty pleas were involuntary because the court did not sufficiently advise him of the nature of the charges, the possible sentence and the consequences of such pleas, and because the court did not personally question him regarding the voluntariness of the pleas.

The acceptance of guilty pleas is governed by K. S. A. 22-3210 which states in pertinent part:

"Before or during trial a plea of guilty . . . may be accepted when:

"(1) The defendant or his counsel enters such plea in open court; and

"(2) In felony cases the court has informed the defendant of the consequences of his plea and of the maximum penalty provided by law which may be imposed upon acceptance of such plea; and

"(3) In felony cases the court has addressed the defendant personally and determined that the plea is made voluntarily with understanding of the nature of the charge of the consequences of the plea; and

"(4) The court is satisfied that there is a factual basis for the plea.

"(5) In felony cases the defendant must appear and plea personally and a record of all proceedings at the plea and entry of judgment thereon shall be made and a transcript thereof shall be prepared and filed with the other papers in the case."

The procedure set out in the statute is in compliance with and embodies the requirements of due process as interpreted by the United States Supreme Court in *Boykin v. Alabama*, 395 U. S. 238, 23 L. Ed. 2d 274, 89 S. Ct. 1709. (See *Widener v. State*, 210 Kan. 234, 499 P. 2d 1123.) It has long been recognized that to satisfy the requirements of due process, a plea of guilty must be both knowing

and voluntary. *E. g. Johnson v. Zerbst,* 304 U. S. 458, 464, 82 L. Ed. 1461, 58 S. Ct. 1019 (1938); *Miller v. Hudspeth,* 164 Kan. 688, 192 P. 2d 147 (1948). The new due process requirement added by *Boykin* was "that the record must affirmatively disclose" a knowing and voluntary plea. *Brady v. United States,* 397 U. S. 742, 747-48, n. 4, 25 L. Ed. 2d 747, 90 S. Ct. 1463.

The transcript of the proceedings had when the pleas of guilty were made shows the court advised the defendant of his rights being waived by the pleas; the court determined that he had been advised by counsel of the possible penalty for the three counts and the consequences of the pleas; the court had the state read the information; the state questioned appellant to establish a factual basis for each of the charges; and the court restated the nature of each charge in asking for the pleas. The transcript shows the court did not inquire specifically of the appellant as to whether he was making the pleas voluntarily, but the court stated it found the pleas voluntarily and intelligently entered.

In *Widener v. State,* supra, K. S. A. 22-3210 was considered and applied. There it was held:

"Before accepting a plea of guilty in a felony case the court must comply with subsections (1) (2) (3) (4) and (5) of K. S. A. 1971 Supp. 22-3210 to determine it is voluntary, and the record made on the questions posed by the court to the defendant should indicate there is a factual basis for a voluntary plea of guilty to the charge." (Syl. ¶ 4.)

While we do not approve of any failure to comply strictly with the explicitly stated requirements of K. S. A. 22-3210, it does not follow that every deviation therefrom requires reversal. If upon review of the entire record it can be determined that the pleas of guilty were knowingly and voluntarily made, the error resulting from failure to comply strictly with K. S. A. 22-3210 is harmless.

This record leaves no doubt that the due process requirements mandated by *Boykin* and embodied in K. S. A. 22-3210 were satisfied. The appellant was 34 years of age and no stranger to the criminal justice system. Less than a year had passed since he had been released on parole after serving six years on a sentence for felony offenses similar to those with which he was charged in the instant case. Appellant was well apprised of the state's case against him. He had heard the state's evidence at the preliminary hearing, including the testimony of the police officer he was charged with shooting. He had heard the state's case at trial up to the point he notified the court he wished to change his pleas. The appellant

was represented by counsel and was apprised of the possible penalties for the charges as well as the potential for invocation of the Habitual Criminal Act by the prosecution. Appellant's counsel and the state discussed sentences; the state agreed to make a recommendation and did so; the court accepted the state's recommendation and sentenced the appellant accordingly.

Upon consideration of the entire record we conclude it demonstrates satisfaction of the requirement of an affirmative showing that the pleas were knowing and voluntary. It is obvious the district court could have more fully complied with K. S. A. 22-3210, and our decision on this appeal does not condone that court's action. Full compliance with the statute not only protects the accused's due process guarantees, but also leaves a record adequate for any review and forestalls collateral proceedings such as the instant case. Nonetheless, under the facts and circumstances of this case, the district court's error was harmless.

Appellant's contention that his guilty pleas were invalid because they were based on a promise he would receive a lesser sentence is without merit—as is his contention that his pleas were coerced. A plea of guilty is not rendered involuntary by reason that it was induced by a promise not to invoke the provisions of the Habitual Criminal Act. E. g. *Peterson v. State,* 215 Kan. 253, 524 P. 2d 740. A guilty plea which represents a voluntary and intelligent choice among alternative courses of action open to the accused is valid. *North Carolina v. Alford,* 400 U. S. 25, 27 L. Ed. 2d 162, 91 S. Ct. 160; *Rice v. State,* 213 Kan. 591, 518 P. 2d 400.

The appellant contends he was held under excessive bail and that the district court erred in failing to grant a change of venue and in failing to grant a mental and physical examination. These contentions completely overlook the impact of his guilty pleas. It has long been the law in this state that when an accused enters a voluntary plea of guilty, he is deemed to have waived any irregularities which may have occurred in the proceedings prior thereto. *Jones v. State,* 207 Kan. 622, 485 P. 2d 1349; *State v. Way,* 204 Kan. 375, 461 P. 2d 820.

The appellant contends he was denied the effective assistance of counsel. In ruling on this point in *Peterson v. State,* 215 Kan. 253, 524 P. 2d 740, we said:

". . . To constitute a denial of the constitutional right to counsel it must clearly appear that the representation afforded the accused was wholly ineffective and inadequate. (*Reid v. State,* 213 Kan. 298, 515 P. 2d 1040.) The

adequacy of counsel's services to his client must be gauged by the totality of his representation. (*Bruffet v. State*, 208 Kan. 942, 494 P. 2d 1160.) Rule 121 (*g*) provides the petitioner has the burden of establishing his grounds for relief by a preponderance of the evidence. (211 Kan. xliv.) Mere conclusionary contentions of the petitioner for which no evidentiary basis appears are not sufficient basis for relief from conviction. (*Burns v. State*, 215 Kan. 497, 524 P. 2d 737.) Implicit in the district court's order denying the petitioner post-conviction relief is a finding that he failed to sustain his burden of proof." (l. c. 255.)

Measured by the foregoing principles, we are of the opinion appellant was not denied the effective assistance of counsel.

We have carefully examined other points appellant has raised and find they are without merit.

The judgment of the district court is affirmed.