NOT DESIGNATED FOR PUBLICATION

No. 113,199

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ANTHONY D. DOUGLAS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; BRUCE C. BROWN, judge. Opinion filed January 8, 2016. Affirmed.

*Kimberly Streit Vogelsberg*, of Kansas Appellate Defender Office, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MCANANY, P.J., POWELL, J., and DAVID J. KING, District Judge, assigned.

*Per Curiam*:  As part of a plea agreement with the State, Anthony D. Douglas pled no contest to driving while under the influence (DUI) as a third-time offender. Before his sentencing, it was determined that Douglas was actually a fourth-time DUI offender. As a result, the district court sentenced Douglas under the sentencing rules that applied to fourth-time DUI offenders, K.S.A. 2014 Supp. 8-1567(b)(1)(E). Douglas filed a postsentencing motion seeking, among other things, to withdraw his plea. The district court summarily denied Douglas' request, and Douglas appealed. For the reasons explained below, we affirm the district court's ruling.

*Facts*

This case arose from a traffic stop in Wichita. The officer noted that the driver Douglas smelled strongly of alcohol and exhibited other signs of intoxication. Douglas failed a field sobriety evaluation and refused a breath test.

Douglas was arrested, and the State charged him with DUI with two prior convictions and driving with a suspended or cancelled driver's license. At the preliminary hearing, which Douglas waived, the district judge noted, "I will make a finding that you have *at least* two prior DUIs convictions in the last ten years. Do you understand that?" (Emphasis added.) Douglas responded that he understood.

In a later plea agreement Douglas agreed to plead no contest to DUI as a third-time offender. In exchange, the State agreed to dismiss the driving with a suspended or cancelled driver's license charge and to recommend the minimum mandatory prison sentence and fine. But the State was not to be bound to the sentencing recommendation if Douglas was arrested or committed a new offense. Further, Douglas acknowledged that he told his lawyer about all his prior convictions and if additional convictions were discovered before sentencing, they could be used to increase his sentence. He acknowledged that the sentencing judge was not bound to follow the plea agreement. Finally, Douglas represented:

> "I have read this 'Defendant's Acknowledgement of Rights and Entry of Plea' or have had
> it read to me, and I fully understand its contents. I fully and completely understand the
> consequences of my plea(s), and I am entering my plea(s) in consideration of what I
> believe is my best welfare and in my own best interest."

Douglas was arrested for yet another DUI on the night before his sentencing hearing. At the hearing the next day, Douglas did not object to his criminal history in the

2

presentence investigative report, which showed that Douglas had three prior DUI convictions in the preceding 10 years, not two. Because of Douglas' arrest the night before, the State abandoned the sentencing recommendation in the plea agreement and recommended that the district court impose 12 months' imprisonment and a $2,500 fine. The court imposed the sentence the State recommended.

Douglas moved to vacate sentence, set aside conviction, and/or correction of an illegal sentence under K.S.A. 22-3504. Douglas claimed his sentence was illegal because the State charged him as a third-time offender, but the court sentenced him as a fourth-time offender. Thus, he argues that he should be entitled to withdraw his plea. The district court summarily denied Douglas' motion, finding that Douglas made no showing that his plea was not knowingly and voluntarily made and that denying relief would result in manifest injustice.

Douglas appeals. He contends the district court erred in denying his motion. He claims he showed manifest injustice warranting the withdrawal of his plea and that "he was unable to enter a knowing and voluntary plea at the time of the plea hearing because he was misled into entering a plea by believing that he would be sentenced as a third-time DUI offender, rather than a fourth-time DUI offender." He contends he would not have entered his plea if he had been aware that he would be sentenced as a fourth-time DUI offender.

*Preservation of Issue*

The State contends Douglas failed to preserve the issue for appeal. Generally, only issues raised before the district court may be raised on appeal. *State v. Brown*, 300 Kan. 565, 590, 331 P.3d 797 (2014). After his sentencing, Douglas filed a pro se motion seeking relief from his conviction on various grounds. Pro se motions in criminal cases are liberally construed to give effect to the substance of the motion. *State v. Kelly*, 291

3

Kan. 563, 565, 244 P.3d 639 (2010). His motion included a request to withdraw his plea. He asserted that he entered his plea believing he would be sentenced as a third-time DUI offender. Although Douglas failed to correctly cite to K.S.A. 2014 Supp. 22-3210(d)(2), as authority for his request, it appears the district court construed the motion under that statute, concluding Douglas failed to establish manifest injustice. We, therefore, will consider the merits of Douglas' appeal.

*Standard of Review*

Ordinarily we review a district court's decision denying a postsentence motion to withdraw a plea for an abuse of discretion. *State v. Bricker*, 292 Kan. 239, 244, 252 P.3d 118 (2011). But when the motion is summarily denied without argument and additional evidence, we apply the standards of review used in cases involving K.S.A. 60-1507. *State v. Fritz*, 299 Kan. 153, 154-55, 321 P.3d 763 (2014). Because we have "the same access to the motion, records, and files as the district court," our review is de novo to determine "whether the motion, records, and files conclusively show that the defendant is entitled to no relief." 299 Kan. at 155. As in all K.S.A. 60-1507 cases, the movant bears the burden to establish manifest injustice by a preponderance of the evidence. Supreme Court Rule 183(g) (2015 Kan. Ct. R. Annot. 271).

Here, the district court denied relief without an evidentiary hearing or an opportunity to argue the motion. Thus, our review is de novo.

*Analysis*

Manifest injustice, which must be shown in a postsentencing motion to withdraw a plea under K.S.A. 2014 Supp. 22-3210(d)(2), means "something obviously unfair or shocking to the conscience." *State v. Barahona*, 35 Kan. App. 2d 605, 608-09, 132 P.3d 959, *rev. denied* 282 Kan. 791 (2006). In determining whether a defendant has shown

4

manifest injustice, a district court must consider: "(1) whether the defendant was represented by competent counsel; (2) whether the defendant was misled, coerced, mistreated, or unfairly taken advantage of; and (3) whether the plea was fairly and understandingly made." *Bricker*, 292 Kan. 239, Syl. ¶ 4.

Douglas argues the district court never advised him that he could be sentenced as a fourth-time DUI offender. Before a criminal defendant enters a guilty or no-contest plea, the district court must inform the defendant of the potential maximum penalty for the conviction. K.S.A. 2014 Supp. 22-3210(a)(2). Here, the district court only advised Douglas of the maximum penalty for third-time DUI offenders, not for fourth-time DUI offenders.

A district court's failure to comply strictly with the provisions of K.S.A. 2014 Supp. 22-3210(a) does not necessarily mandate reversal. See *Trotter v. State*, 218 Kan. 266, 268-69, 543 P.2d 1023 (1975). "If upon review of the entire record it can be determined that the pleas of guilty were knowingly and voluntarily made, the error resulting from failure to comply strictly with K.S.A. 22-3210 is harmless." 218 Kan. at 269.

In *State v. Chesbro*, 35 Kan. App. 2d 662, 134 P.3d 1, *rev. denied* 282 Kan. 792 (2006), the defendant was charged with various sex crimes. The defendant and the State entered into a plea agreement, in which the defendant agreed to plead guilty to one charge in exchange for the State dismissing the remaining charges and recommending a downward durational departure sentence of 50 months' imprisonment. At his plea hearing, the district court informed the defendant of the maximum penalty of 247 months' imprisonment with a 60-month postrelease period for this crime. But at sentencing the court determined that special rules pertaining to persistent sex offenders applied, rejected the State's recommendation for a departure sentence, and ordered the defendant to serve

110 months in prison. The defendant moved to withdraw his plea, but the district court denied relief.

On appeal, the court concluded the defendant failed to establish that manifest injustice warranted the withdrawal of his plea. 35 Kan. App. 2d at 670-73. Although the district court failed to advise the defendant of the maximum penalty applicable under the persistent sex offender provisions, the defendant's sentence fell within the sentencing range stated by the district court at the plea hearing. Thus, "the failure to inform the defendant of the applicability of the persistent sex offender provisions [did not] unfairly [influence] the defendant to enter a plea." 35 Kan. App. 2d at 671.

Here, as in *Chesbro*, Douglas failed to establish manifest injustice. Douglas certainly must have known how many prior DUI convictions he had. Douglas acknowledged in the plea agreement that if additional convictions were discovered before sentencing, they could be used to increase his sentence. He acknowledged that the sentencing judge was not bound to follow the plea agreement. Further, his conduct on the night before sentencing deprived him of any benefit to be derived from a favorable sentencing recommendation by the State.

Douglas' sentence fell within the sentencing range provided by the district court at the plea hearing. Before it accepted his no-contest plea, the district court informed Douglas of the maximum penalty for a third DUI conviction—a maximum prison sentence of 12 months and a maximum fine of $2,500. See K.S.A. 2014 Supp. 8-1567(b)(1)(D). This sentencing range was also listed in the plea agreement.

Although the district court sentenced Douglas as a fourth-time DUI offender, his sentence (12 months in prison and a $2,500 fine) was within the sentencing range applied to third-time offenders, the sentencing range for the crime which he was originally charged. Thus, Douglas' plea was knowingly and voluntarily made in spite of being

6

sentenced as a fourth-time DUI offender rather than a third-time DUI offender. He fails to show that he would not have entered his plea if he had been aware that he would be sentenced as a fourth-time DUI offender. The district court did not err in denying Douglas' motion to withdraw his plea.

Affirmed.