NOT DESIGNATED FOR PUBLICATION

No. 113,173

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CHARLES E. RIST, JR.,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; DAVID L. DAHL, judge. Opinion filed August 5, 2016. Affirmed.

*Michelle A. Davis*, of Kansas Appellate Defender Office, for appellant.

*Lesley A. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, C.J., GREEN and GARDNER, JJ.

*Per Curiam*: In this appeal, Charles E. Rist, Jr., alleges the district court erred in denying his postsentence motion to withdraw his plea, in finding a sufficient factual basis for his conviction, and in finding that the State's complaint included all essential elements of the crime. For the reasons set forth below, we affirm.

*Procedural background*

In June 2011, Charles E. Rist, Jr., entered a consolidated plea agreement. He pleaded guilty to one count offender registration violation, a severity level 5 person felony; one count possession with the intent to distribute, a severity level 3 drug felony; four counts possession of a controlled substance, severity level 4 drug felonies; and two counts possession of paraphernalia, misdemeanors.

Before accepting Rist's guilty pleas, the district court reviewed each of the charges to determine whether a factual basis supported the charge. The district court first addressed the offender registration violation and found:

> "It's alleging in that charge that it occurred in Sedgwick County, Kansas, on or about November 5, 2010, and at that time you did then and there unlawfully and intentionally fail to inform in writing within ten days of changing your residential address—that being November 5, 2010—to the Sedgwick—Sedgwick County Sherriff as the law enforcement agency where you were last registered in the Kansas Bureau of Investigation of your new address, and this is after you've been required to register pursuant to a conviction out of Saline County District Court for possession of methamphetamine with intent to sell. That conviction was from April 4, 2005.
>
> "Did you do what the State is alleging in this charge?"

Rist responded, "Yes, sir." Then, after reviewing the remaining charges, the district court held, "I will, then, find that there is a factual basis for the plea of guilty that has been entered, find that this defendant has knowingly and voluntarily waived his right to a trial, and has knowingly and voluntarily entered a plea of guilty, and the plea would be accepted."

Immediately after the hearing, the district court ordered pretrial services supervision before imposing its sentence. The district court further stated, "This is going to be an important test period for [Rist]. I'm not guaranteeing I'll give him a departure, but I can just about guarantee that I won't give him a departure if he tests dirty between now and then." That same month Rist tested positive for benzodiazepines (Xanax), cannabinoids (marijuana), amphetamine (methamphetamine), and opiates. Rist had a prescription for the Xanax and admitted using these substances.

At the sentencing hearing, Rist sought a dispositional departure to probation or, in the alternative, a durational departure to 25 months. Rist stated he had received a drug and alcohol evaluation, which recommended level three intermediate treatment. He further argued that he was "more than willing to take whatever term of imprisonment the Court is willing to give if he would be able to get that one opportunity at probation." The State opposed the departure motion and recommended the district court follow the presumptive sentence of imprisonment, consistent with the plea agreement.

The district court, following the plea agreement, imposed a controlling sentence of 130 months' imprisonment with 24 months' postrelease supervision. Rist then appealed, challenging the use of his criminal history for sentencing purposes. That appeal was transferred to our Supreme Court which affirmed the district court, finding no error in the sentences originally imposed. *State v. Rist*, No. 106,834, 2012 WL 6701700 (Kan. 2015) (unpublished opinion).

While Rist's appeal was pending, he filed several pro se motions, including two motions to withdraw his plea. These motions were withdrawn and dismissed due to the district court's lack of jurisdiction. After the Supreme Court issued its decision, Rist filed a pro se "nunc pro tunc" motion asking the district court to review his previously filed motions.

The district court held an evidentiary hearing on Rist's motion to withdraw his plea. Rist testified he had informed his counsel, Christine Jones, he would plead to a lesser crime than failing to register. Rist stated Jones had brought him a plea agreement and had reviewed its terms with him three times. Rist said he refused to accept the plea the first two times when Jones explained she anticipated his sentence would be 130 months in prison. But when Jones spoke to Rist the third time, Rist's understanding was different: "And then she explained it to me again a different way to where it was 130 months underlying for Corrections." Rist used "corrections" as a generic term for "probation." Rist told Jones he would accept the plea agreement, so Jones had the agreement prepared and Rist signed it.

Rist was also asked about his positive urinalysis. Specifically, Rist was asked if he recalled that at the end of the plea hearing, the district court warned Rist about the consequences of testing positive for illegal substances. Rist said, "I remember [the district court] saying that if I did not complete the Pretrial process that it would not look good in my favor of me getting a plea for probation. I don't remember him saying nothing about the dirty UA." Rist believed it was okay for his first UA to be dirty, but after that he had to be clean.

Prior to sentencing, Rist met with Jones. He said he asked her if he was going to get probation after testing positive for illegal substances. Rist testified:

> "Well, my conversation with Miss Jones was is my plea still good, am I still going to get probation. And she was telling me yes, it's still good, you're still going to get probation. I was under the assumption that I signed a plea for probation and she told me the judge goes with the plea 99.9 percent of the time and was pretty much guaranteeing me that I was going to get probation."

4

Rist testified that at the sentencing hearing, when the State did not recommend probation, he told Jones this was not the plea he agreed to but she "shushed [him] to be quiet in court."

Jones also testified at the hearing on the motion to withdraw plea. She testified she reviewed the acknowledgement of rights and entry of plea with Rist and provided him with a copy of the plea agreement. She made it clear to Rist that the State was going to request imprisonment and she believed he understood that fact. She further stated Rist never indicated he wanted to go to trial. Jones acknowledged Rist "really wanted to get probation," and she told him she would do her best, but she did not promise probation. After Rist tested positive while on pretrial services, Jones told him it was going to be difficult for him to get probation. Jones also said Rist never told her he thought the State was going to recommend probation, until he did so at the sentencing hearing.

Rist's hearing on his motion to withdraw plea was held over 3 days—June 20, 2014; August 15, 2014; and October 2, 2014. After the first day of the hearing, Rist wrote a letter stating he had "been on a 10 day methamphetamine binge" before he appeared in court. He further wrote: "I had been up using methamphetamine intraven[o]usly for 10 days partying because I thought I was going to jail when I went to trial on the June 23." He also said he did not remember what occurred at the hearing and he "would have probably told the court anything just to be able to go home."

Rist's letter was addressed at the second day of the hearing. Rist testified his drug use affected his ability to understand what he was doing, yet he had not notified anyone of this information. He said he indicated to the district court he had *not* been on drugs because he wanted the district court to accept the plea agreement. When asked why it was so important for him to go home that day, Rist said he wanted to continue his drug usage. Also, when asked about the number of days, Rist could not be sure he was actually awake for 10 days straight.

5

Jones testified about Rist's demeanor at the plea hearing. She stated she had previously represented Rist in other matters, and as far as she could tell Rist "was understanding and tracking with [her] and through the plea hearing" in this case. She further stated Rist was not dressed appropriately for court, but nothing about his actions seemed out of the ordinary or inappropriate.

After hearing testimony and reviewing the record, the district court denied Rist's motion to withdraw his plea based on multiple findings. The district court found Rist was represented by competent counsel and he had not been misled, coerced, mistreated, or unfairly taken advantage of when entering the plea agreement. The district court further found the plea was fairly, understandingly, knowingly, voluntarily, and willingly made. The district court also found that Rist failed to show manifest injustice, that Jones' performance did not fall below the standard of reasonableness, that Rist failed to show a reasonable probability existed that but for counsel's errors he would not have pleaded and would have insisted on going to trial, and that Rist failed to meet his burden of proof. Furthermore, the district court found it did not believe Jones ever promised Rist probation. The district court also stated Jones did not notice anything out of the ordinary regarding Rist's behavior. The district court addressed Rist's acknowledgement of rights and entry of plea as well as the plea agreement. The district court also noted Rist had previous criminal history, thus, he had experience with the system. The district court found the evidence against Rist was overwhelming and denied Rist's motion to withdraw his plea.

After making its findings, the district court came back on the record on the third day to address an additional matter relating to a 10-day versus a 14-day notification period. When the State filed its complaint, it provided:

"[O]n or about the 5th day of November, 2010 A.D., one CHARLES E. RIST JR. did
then and there unlawfully and intentionally fail to inform in writing within ten (10) days

6

of changing his residential address . . . after being required to register pursuant to K.S.A. 22-4901 et. seq. and amendments thereto . . . ."

The same 10-day notification requirement was also read at Rist's plea hearing. But, as the State agreed, the notification period had been enlarged from 10 to 14 days due to a statutory change which took effect on July 1, 2010. The State argued that by charging the former period, the complaint in effect imposed a higher proof burden on the State than that required by the statute in effect at the time of the violation.

Following brief arguments on the matter, the district court held that, "the Complaint met the legal requirements, that [it] was not deficient, that it met pre-*Hall* and post-*Hall* standards," so it denied defendant's motion for relief based on the 10-day or 14-day discrepancy. The court then proceeded to make additional findings similar to those it had previously made. The district court found Rist never indicated he wanted to withdraw his plea at, or prior to, sentencing. The district court further found that Rist had not informed Jones of his belief that the State was going to recommend probation until the sentencing hearing. The district court found the record did not support Rist's claim. The district court noted Rist was never promised probation, as Jones promised only that she would argue for probation. The district court further noted Rist was asked if he knew of any reason why the district court should not proceed with the sentencing, and he said no.

The district court specifically noted that when the State asked the district court to follow the plea agreement and impose a term of 130 months in prison, Jones had argued for a departure. The district court read the sentencing court's decision:

"So you get towards page 15 and the Judge says, I'm going to follow—I will follow the plea agreement that the parties have worked out in this case and will sentence the defendant to the custody [of] the Secretary of Corrections on the offender registration for a term of 130 months and that was the controlling sentence."

The district court then denied Rist's motion by finding:

"So I find that not only is your motion for an order of nunc pro tunc denied, your motion to withdraw your plea is denied. I find that your excuse of impairment because of drugs does not ring true. I find that your allegation of one free violation has no support. I find that the claim that that wasn't your signature is not valid. And I find that your allegation of sleep deprivation which affected your plea is not logical either. So as a result I'm denying your motions."

Rist timely appealed and waived oral argument.

*Did the district court err in denying Rist's postsentence motion to withdraw his plea?*

We first address Rist's argument that the district court erred in denying his postsentence motion to withdraw his plea. He argues his plea was not understandingly made because he entered the plea with an "incorrect understanding of the consequences." He alleges he believed he was signing a plea for probation, i.e., "130 months underlying the probation," and claims his mental capabilities were affected by his drug use and lack of sleep.

We first set forth our standard of review. K.S.A. 2015 Supp. 22-3210(d)(2) provides that the district court, after sentencing, may set aside a conviction and permit a defendant to withdraw a plea upon a showing of manifest injustice. Factors the district court generally considers in determining whether a defendant has shown the manifest injustice necessary to withdraw a plea after sentencing mirror those considered when reviewing good cause to support a presentence motion. See *State v. Morris*, 298 Kan. 1091, 1100-01, 319 P.3d 539 (2014). "In evaluating a post-sentencing motion to withdraw a plea, the district court should consider: (1) whether the defendant was represented by competent counsel; (2) whether the defendant was misled, coerced, mistreated, or unfairly taken advantage of; and (3) whether the plea was fairly and understandingly made." *State v. Green*, 283 Kan. 531, 546, 153 P.3d 1216 (2007); see

8

also *State v. Moses*, 280 Kan. 939, 950-54, 127 P.3d 330 (2006) (noting other factors that may support denial of postsentence motion to withdraw plea to include: reasonable promptness of motion; defendant's failure to raise issue in prior direct appeal or K.S.A. 60-1507 proceeding; prejudice to the State; defendant's prior involvement in criminal justice system; and defendant's receipt of a favorable plea bargain).

Generally, an appellate court will not disturb a district court's denial of a postsentence motion to withdraw plea absent an abuse of discretion. *State v. Fritz*, 299 Kan. 153, 154, 321 P.3d 763 (2014). An abuse of discretion occurs when a judicial action is unreasonable, based on an error of law, or based on an error of fact. *State v. Macias-Medina*, 293 Kan. 833, 836, 268 P.3d 1201 (2012). The defendant bears the burden of establishing an abuse of discretion. *Fritz*, 299 Kan. at 154. Additionally, this court does not "reweigh evidence or assess witness credibility"—we give deference to the district court's factual findings so long as those findings are supported by substantial competent evidence. *State v. Anderson*, 291 Kan. 849, 855, 249 P.3d 425 (2011).

Rist's arguments are not persuasive. He asks us to accept his testimony as credible but it is not the role of this court to reweigh evidence or assess witness credibility. See *Anderson*, 291 Kan. at 855. He claims the district court erred in denying his motion to withdraw his plea because he believed he was going to be sentenced to probation. Yet the district court found no indication that Rist was promised a sentence of probation, and the record fails to show that his belief had any basis in fact.

Rist also argues that the district court erred in finding his drug use and lack of sleep did not affect his mental capacity at the plea hearing. But the district court did not believe Rist's statement that he had been awake for 10 days and using methamphetamine, and his counsel did not notice anything out of the ordinary regarding Rist's behavior. She had represented Rist in other matters, and believed Rist was understanding her and tracking throughout the plea hearing. She further stated nothing about his actions seemed

out of the ordinary and that he acted appropriately. Again, we have no ability to weigh the evidence or make credibility determinations.

Moreover, the defendant's acknowledgement of rights and entry of plea form, which Rist signed, provided: "I know of no reason why my mental competence should be questioned. I have not taken any drugs or medication during the past 48 hours, except ___. Any such drugs or medications do not affect my ability to understand my rights or the consequences of this plea." Rist left that line blank.

Furthermore, the plea agreement provided that in exchange for Rist's guilty plea the State would make the following recommendations:

"a. That the Court sentence the defendant to the mid number in the appropriate grid box on all counts.

"b. That the Court run the counts and cases concurrently.

"c. That the Court follow the presumption which is believed to be imprisonment.

"d. Defendant is free to request an alternative disposition and will be requesting a departure to probation and/or a durational departure."

Rist had a copy of this agreement, which clearly stated the State's intent to recommend imprisonment, not probation.

Rist has failed to show the district court erred in denying his postsentence motion to withdraw his plea. Substantial competent evidence supports the district court's findings that Rist's plea was knowingly and voluntarily made. These findings support the district court's conclusion that Rist failed to establish manifest injustice to withdraw his plea.

10

Based on the record before us, we conclude the district court did not abuse its discretion in denying Rist's postsentence motion to withdraw his guilty plea.

*Did the district court err in finding a factual basis for the conviction?*

We next address Rist's allegation that he should have been allowed to withdraw his plea because no factual basis for the conviction was established at the plea hearing. The State contends this issue has been raised for the first time on appeal and is not properly before this court.

A. *Preservation of issue*

The record shows that Rist did mention to the district court that it lacked a sufficient factual basis for the plea on the third day of the motion to withdraw plea hearing, when the district court ruled on the 10-day versus 14-day issue. The following colloquy occurred at the beginning of the hearing:

> "THE COURT:  Thank you, Mr. Jennings, I find that the Complaint met the legal requirements, that [it]    was not deficient, that it met pre-Hall and post-Hall standards and denying the defendant's motion for relief due to ten days rather than a fourteen-day notification, so that motion is denied.
>
> . . . .
>
> "THE COURT:  All right. This is going to take some time because we have a lot of territory to cover here. Mr. Cotton, I'll give you some time to confer, if you wish, with your client.
>
> "THE DEFENDANT:  Well, what—

"THE COURT: I see him speaking to you and I want to make sure I'm not interrupting the two of you as you are having your conversation.

"MR. COTTON: No, I appreciate that, Your Honor. What Mr. Rist is suggesting to me here this morning is more along the lines I think of was there sufficiency of the factual basis of his plea . . . but what he's suggesting is if the Judge says, for example, to him, you failed to report within ten days of changing your address and he says, yes, that's true, well, if the law said it's fourteen days then—

"THE COURT: So did he report—he didn't report within fourteen days; is that right?

"MR. COTTON: No.

"MR. JENNINGS: He never reported.

"MR. COTTON: Right.

"MR. JENNINGS: That's what the evidence shows.

"MR. COTTON: I'm relaying to the Court what Mr. Rist is suggesting this morning."

Although we may be on good grounds to find that this issue was not sufficiently raised below and is not properly raised on appeal, see *State v. Kelly*, 298 Kan. 965, 971, 318 P.3d 987 (2014), we choose instead to reach the merits of this argument.

B. *Sufficient factual basis for the plea*

K.S.A. 2015 Supp. 22-3210(a) sets out the procedural requirements district courts must follow when accepting pleas of guilty or no contest. The statutory requirements are: the defendant must enter the plea in open court; the court must inform the defendant of

the consequences of entering the plea, including the maximum penalty he or she faces; the court must address the defendant personally to determine that he or she is making the plea knowingly and voluntarily; and the district court must determine if there is a sufficient factual basis to find the defendant guilty of the crime to which he or she is pleading. K.S.A. 2015 Supp. 22-3210(a)(1)-(4). In order to determine whether a factual basis supports a defendant's plea, the district court must establish that all elements of the crime charged are present. *State v. Edgar*, 281 Kan. 30, 42, 127 P.3d 986 (2006). Mere recitation of the elements of a crime is insufficient; the evidence must demonstrate how the defendant's conduct fell within the elements of the crime charged. *State v. Ebaben*, 294 Kan. 807, 815-16, 281 P.3d 129 (2012). Whether evidence is sufficient to establish the elements of the crime is within the discretion of the district court. *Edgar*, 281 Kan. at 44.

A factual basis of a plea may be established in any one of three ways:

"(1) by a complaint or information given or read to the defendant which sets forth the factual details and essential elements of the particular crime charged; (2) by the prosecutor or defendant's factual statement presented to the court at the plea hearing; or (3) based on the evidence presented at a preliminary hearing at which the same judge presided." *Ebaben*, 294 Kan. at 813.

A failure to comply with the requirements of K.S.A 2015 Supp. 22-3210 may be good cause for granting a motion to withdraw a plea if the noncompliance results in the defendant not understanding the nature of the charge or the consequences of entering the plea. *Edgar*, 281 Kan. at 38. If a review of the entire record establishes the plea was knowingly and voluntarily made, however, failure to strictly comply with K.S.A. 2015 Supp. 22-3210 is harmless error. *Trotter v. State*, 218 Kan. 266, 269, 543 P.2d 1023 (1975).

As stated above, both the State and Rist's attorney agreed that Rist never reported at all, which is in violation of the statute's requirements, and the district court accepted that factual statement. Furthermore, the district court found that, due to Rist's criminal history, he was familiar with the registration requirement and that Rist never mentioned any confusion about his duty to register. The district court also found:

> "[Rist] also signed an Acknowledgement of the Offender, that's dated January 8th of 2010, and that states if I change my address I must give written notice to the Sheriff's Office where I last registered, to the Kansas Bureau of Investigation, the KBI, within ten days of the change. That's what you've signed at the time. You moved on October 25th of 2010. The ten days would have expired on November 5th of 2010, and the Complaint wasn't even filed until November 18 of 2010."

Nothing in the record indicates the district court abused its discretion by finding these facts sufficient to establish the elements of the offender registration violation.

*Did the State's complaint fail to allege an essential element of the crime?*

Lastly, in a related argument, Rist argues the district court lacked jurisdiction to convict him because the State failed to allege an essential element of the crime—the 14-day notification period—in its complaint. He further claims this court should revisit the test prescribed by our Supreme Court in *State v. Hall*, 246 Kan. 728, 793 P.2d 737 (1990), *overruled in part on other grounds by Ferguson v. State*, 276 Kan. 428, 78 P.3d 40 (2003), and apply a pre-*Hall* analysis.

After Rist filed his brief, our Supreme Court issued its opinion in *State v. Dunn,* 304 Kan. __, Syl. ¶ 4, 2016 WL 3916208 (No. 106,586, filed July 15, 2016), addressing defective complaints and overruling *Hall*. We note that following our Supreme Court's decision in *Dunn*, neither party has filed a letter of additional authority pursuant to Supreme Court Rule 6.09(b) (2015 Kan. Ct. R. Annot. 53). In the absence of evidence

14

that our Supreme Court is departing from its previous decision, this court is duty bound to follow Kansas Supreme Court precedent. *State v. Vrabel*, 301 Kan. 797, 809-10, 347 P.3d 201 (2015); see, *e.g.*, *State v. Belone*, 51 Kan. App. 2d 179, 211, 343 P.3d 128, *rev. denied* 302 Kan. 1012 (2015). Therefore, we apply the analysis set forth in *Dunn* to address this issue.

Because Rist did not challenge the complaint as defective until he filed his postsentence motion to withdraw his plea, we must address preservation first. Defects in charging documents are subject to the general rule that issues may not be raised for the first time on appeal unless an exception applies. Thus, the defendant must establish that (1) the newly asserted claim involves only a question of law arising on proved or admitted facts, which is determinative of the case; (2) consideration of the claim is necessary to serve the ends of justice or prevent the denial of fundamental rights; or (3) the district court was right for the wrong reason. *Dunn*, 2016 WL 3916208, at *26; Supreme Court Rule 6.02(a)(5) (2015 Kan. Ct. R. Annot. 41.) In his brief, Rist argued the complaint was fatally defective, but he failed to argue why we should consider this issue for the first time on appeal. We recognize that due to the timing of our Supreme Court's decision in *Dunn*, Rist was not aware of the application of Rule 6.02(a)(5) in a defective complaint challenge. Thus, we will reach the merits of the issue in this case and caution future litigants to comply with the Rule. See *State v. Williams*, 298 Kan. 1075, 1085-86, 319 P.3d 528 (2014).

In *Dunn*, our Supreme Court recognized three types of charging document defects: the document (1) does not show that the Kansas Constitution's requirement of correct court and territory have been satisfied; (2) does not allege facts that, if proved beyond a reasonable doubt, show the commission of a Kansas crime; and (3) does not meet constitutional standards for due process and notice. The first defect creates a state constitutional error, the second, a state statutory error, and the third, a violation of federal and state constitutional rights. 2016 WL 3916208, at *24-26. The applicable standard of

review for challenges based on any of the three types of defects is de novo because the statutes and constitutional provisions govern a charging document's requirements and because charging documents are written instruments, all of which Kansas appellate courts review de novo. 2016 WL 3916208, at *27.

Rist's argument on appeal is similar to the challenge raised in *Dunn*. Rist argues the district court lacked jurisdiction to convict him because the State failed to allege an essential element of the crime. In *Dunn*, our Supreme Court held:

> "A charging document's failure to include an element of a crime under the defining Kansas statute does not deprive the court of subject matter jurisdiction to convict; it does not even necessarily meet the statute-defined threshold for failure to charge a crime because the facts alleged, rather than the legal elements regurgitated, determine whether the charge is sufficient under the statute defining the crime." 2016 WL 3916208, at *27.

Rist's claim involves the second type of a charging document defect—a failure to allege essential facts.

At the time Rist committed the crime, K.S.A. 2010 Supp. 22-4904(b) provided: "If any person required to register as provided in this act changes the address of the person's residence, the offender, within 14 days, shall inform in writing the law enforcement agency where such offender last registered and the Kansas bureau of investigation of the new address." The charging document incorrectly provided that Rist was required to register his new address within 10 days.

We find the charging document failed to include the correct 14-day notification period, which constituted a factual error. Therefore, we must apply the statutory harmlessness test provided in K.S.A. 2015 Supp. 60-261 and K.S.A. 60-2105. *Dunn*, 2016 WL 3916208, at *28. Under these statutes, we examine whether the defect affected Rist's substantial rights.

16

We conclude that Rist's substantial rights were not affected by the charging document error because he and his counsel clearly understood that the charge was for failing to register. Furthermore, Rist's counsel conceded Rist never registered. The defect did not somehow impair Rist's ability to plead nor did it limit his substantial rights to a fair trial. *State v. Littlejohn*, 298 Kan. 362, 655, 316 P.3d 136 (2014). The error in the complaint was harmless.

The district court, applying the post-*Hall* rule, found the complaint met the legal requirements and was not deficient. We find the district court reached the correct result, and it will be upheld even though it relied upon the wrong ground for its decision. See *State v. Overman*, 301 Kan. 704, 712, 348 P.3d 516 (2015).

Affirmed.