NOT DESIGNATED FOR PUBLICATION

No. 116,597

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

HOAI V. LE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; BRUCE C. BROWN, judge. Opinion filed February 2, 2018. Affirmed.

*Charles A. O'Hara*, of O'Hara & O'Hara LLC, of Wichita, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ATCHESON, P.J., BUSER, J., and BURGESS, S.J.

BUSER, J.:  Haoi V. Le appeals the district court's denial of his postsentence motion to withdraw his guilty plea to conspiracy to distribute marijuana. Le makes two claims of error which he submits warranted the district court to withdraw his plea. First, Le asserts the district court misinformed him at the plea hearing regarding the possible sentence he could receive as a result of the plea agreement. Second, Le claims the factual basis for his plea was insufficient because there was no mention of the quantity of drugs involved in the crime, and his attorney misinformed the district court at sentencing about

the quantity of drugs. For these reasons, Le contends the district court erred in not permitting him to withdraw his plea of guilty due to a manifest injustice.

Upon our review, we find no abuse of discretion by the district court in denying Le's motion to withdraw plea. We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

On October 25, 2013, Le was charged with conspiracy to distribute marijuana and possession with intent to distribute at least 450 grams but less than 30 kilograms of marijuana, to-wit:  1,751.78 grams of marijuana. Prior to trial, Le entered into a plea agreement with the State. In exchange for his guilty plea to conspiracy to distribute marijuana, the State agreed to dismiss the remaining charge and recommend "the low number" of the potential prison sentence. Le then signed an acknowledgement of rights and entry of plea, stating that he was pleading to the conspiracy to distribute charge which had a range of potential penalties from 92 months to 144 months. This wide range of penalties reflected the lowest to the highest possible criminal history score that Le might receive in the presentence investigation process.

At the November 10, 2014 plea hearing, the district court advised Le that "conspiracy to distribute marijuana [was] a severity level 2 drug grid, nonperson felony; and . . . carrie[d] anywhere from 92 months to 144 months in prison." Neither the State nor defense counsel objected to the inaccuracy of this statement.

At the February 3, 2015 sentencing hearing—and without comment or objection from either party—the district court correctly informed Le:  "This is a severity level 2 drug, crime history I, sentencing range 86 months, 92 months and 97 months for the presumption of prison." The State then requested imprisonment and argued that Le and a codefendant conspired to distribute "a large amount of marijuana" in Wichita. When the

2

district court asked the prosecutor to clarify the meaning of "large amount," the prosecutor correctly informed the court that Le conspired to sell 1,751.78 grams of marijuana.

Defense counsel requested that the district court sentence Le to a dispositional departure of probation. However, during this argument defense counsel stated: "And, I mean, [Le] had an idea what [the codefendant] was doing was most likely not legal, but he had no idea that he was going to be receiving a package that contained upwards of 12 pounds [about 5.4 kilograms] of marijuana." The district court declined Le's departure motion and sentenced him to the lowest possible sentence of 86 months in prison with 36 months' postrelease supervision.

Le appealed his sentence. Our Supreme Court summarily denied that appeal, noting that the sentence was within the presumptive sentencing range. See K.S.A. 2016 Supp. 21-6820(c)(1).

Thereafter, on February 4, 2016, Le filed a motion to withdraw his plea. In the motion, Le contended that both the written plea agreement and the district court advised him of "the wrong penalties i.e. advised [him] the sentencing range was 92 months to 144 months rather than 86 months to 138." Specifically, Le noted that K.S.A. 21-5302(e) mandated that his conspiracy sentence should be reduced by six months from the presumptive sentence for the underlying crime. He asserted that, because neither the State nor the district court initially informed him of this requirement, he "did not understand his rights and the consequences of his plea."

Le testified at the motion to withdraw plea hearing. Le asserted he "would not have taken the plea" had he known the mitigated sentence for conspiracy to distribute was only 86 months, rather than 92 months. Le also complained that at the plea hearing

3

there was no factual basis provided for the quantity of drugs at issue in this case and, at sentencing, his attorney misinformed the district court of the actual weight of the drugs.

The district court denied Le's motion, finding that he had not established manifest injustice to withdraw the plea. Regarding the first issue, the district judge reasoned: "I am convinced if we had a DeLorean and a flux capacitor and could go back in time, [Le] would make the same decision, even if he knew the sentencing range was six months [lower]." The district court also pointed out that Le was made aware of the correct sentencing range at the sentencing hearing and he failed to object to the lower mitigated sentence or seek a withdrawal of his plea at that time.

The district court rejected Le's other complaints, noting that the quantity of drugs was not an element of conspiracy, see K.S.A. 2016 Supp. 21-5302, that Le acknowledged every factual allegation during the plea hearing, and that defense counsel's mistake regarding the correct quantity of drugs was of minimal importance since it did not change the severity level of the offense.

Le appeals.

DENIAL OF POSTSENTENCE MOTION TO WITHDRAW PLEA

On appeal, Le contends the district court erred when it denied his postsentence motion to withdraw his guilty plea. Le reprises the claims he raised in the district court. First, he asserts the district court misinformed him at the plea hearing regarding the possible sentence he could receive as a result of the plea agreement. Second, Le states the factual basis for his plea was insufficient because there was no mention of the quantity of drugs involved and he complains that his attorney misinformed the district court at sentencing about the actual amount of the drugs.

4

Appellate courts will set aside the denial of a motion to withdraw a plea only if the defendant shows the district court abused its discretion. *State v. Williams*, 290 Kan. 1050, 1053, 236 P.3d 512 (2010). A district court abuses its discretion if: (1) no reasonable person would have taken the view adopted by the court; (2) its conclusion is based on an error of law; or (3) its conclusion is based on an error of fact. *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015).

To correct manifest injustice after sentencing, a district court may set aside the judgment of conviction and permit the defendant to withdraw his or her plea. K.S.A. 2016 Supp. 22-3210(d)(2). Kansas courts have defined "manifest injustice" as something "'obviously unfair' or 'shocking to the conscience.'" *Ludlow v. State*, 37 Kan. App. 2d 676, 686, 157 P.3d 631 (2007). Three factors—known as the *Edgar* factors—generally guide a district court's consideration of whether a defendant has shown the manifest injustice necessary to withdraw a plea: (1) whether the defendant was represented by competent counsel; (2) whether the defendant was misled, coerced, mistreated, or unfairly taken advantage of; and (3) whether the plea was fairly and understandingly made. *State v. Aguilar*, 290 Kan. 506, 511, 231 P.3d 563 (2010); see *State v. Edgar*, 281 Kan. 30, 36, 127 P.3d 986 (2006).

*Information Regarding Potential Sentencing Range for Conspiracy*

Le contends he was "not properly informed" about the potential sentence that could be imposed upon his plea of guilty. Based on the written plea agreement and the district court's statements at the plea hearing, he understood the potential sentencing range was 92 months to 144 months. Instead, Le points out that the correct sentencing range was 86 to 138 months. This six-month reduction in the potential sentencing range complied with K.S.A. 2016 Supp. 21-5302(e), which provides: "Conspiracy to commit a felony which prescribes a sentence on the drug grid shall reduce the prison term prescribed in the drug grid block for an underlying or completed crime by six months." In

other words, when a defendant is convicted of *conspiracy* to distribute a controlled substance, the district court must sentence the defendant to the grid box applicable to the underlying crime—here, distribution of marijuana—and then subtract six months. See *State v. Housworth*, No. 115,836, 2017 WL 2834502, at *6 (Kan. App. 2017) (unpublished opinion), *petition for rev. filed* July 20, 2017.

K.S.A. 2016 Supp. 22-3210(a)(2) provides that a plea of guilty may be accepted when the district court informs the defendant of the maximum penalty provided by law which may be imposed by the court upon acceptance of the plea. Here, the district court mistakenly overstated the potential maximum sentence by six months, advising Le that his maximum sentence could be 144 months when, in actuality, it was 138 months, and his minimum or mitigated sentence could be 92 months when, in actuality it was 86 months. Our Supreme Court has indicated, however, that errors in such advice may be harmless if, upon review of the entire record, the defendant was fairly apprised of the consequences of his plea. *State v. White*, 289 Kan. 279, Syl. ¶ 8, 211 P.3d 805 (2009).

The district court initially did not apply K.S.A. 2016 Supp. 21-5302(e) when it informed Le of his potential sentence at the plea hearing. Of course, at that time the actual sentencing range for the crime as applied to Le was not certain because his actual criminal history score had not been factored into the calculation. However, the presentence investigation (PSI) report, compiled after it was ascertained that Le had a criminal history score of I, reflected that the correct sentencing range as applied to Le was 86 months to 97 months' imprisonment.

At Le's sentencing, the district court correctly found the "criminal history score to be accurate. This is a severity level 2 drug, crime history I, sentencing range 86 months, 92 months and 97 months for the presumption of prison." After making his findings, but before imposition of sentence, the district judge inquired, "Everybody agree with that?" In response, both the State and defense counsel responded affirmatively.

Of note, Le did not object to this lesser mitigated sentence of 86 months or, upon learning that his mitigated sentence was six months less than originally anticipated, seek to withdraw his plea prior to imposition of sentence. Indeed, at the hearing on Le's motion to withdraw plea, Le testified he felt "good" about the sentence he received because it was lower than he expected. Nevertheless, Le maintains that he would not have accepted the plea agreement had he known the potential presumptive prison term was six months less than he was informed at that time.

On appeal, Le does not address the correct sentencing range that was reflected in the PSI prepared for the district court and provided to the parties after the plea and before sentencing. Le does not explain his failure to object at sentencing upon being informed that he would receive a mitigated sentence that was six months less than anticipated. In his testimony, Le did not explain his thinking or reasons why, if he had known that his potential sentence would be six months less, he would necessarily have chosen to take the risk of significantly greater sentences had he proceeded to trial and was convicted of *both* drug charges listed in the complaint. Instead, Le simply posits that the district court's mistake at the plea hearing was sufficient to establish manifest injustice to withdraw his plea.

At the hearing on the motion, the district court reviewed the record and acknowledged that it had mistakenly advised Le that his presumptive prison sentence was six months greater than statutorily provided. The district court found that it had corrected this mistake at sentencing. The district court concluded that because the error amounted to only six months on a lengthy mitigated sentence of 86 months as imposed, there was no manifest injustice shown. And, after listening to Le's testimony at the hearing, the district court rejected Lee's claim that he would have proceeded to trial had he known his actual sentence would be only 86 months.

We are not in a position to reweigh the evidence considered by the district court. *State v. Jackson,* 52 Kan. App. 2d 125, 133, 363 P.3d 408 (2015) ("[T]his court does not 'reweigh evidence or assess witness credibility,' giving deference to the trial court's factual findings so long as those findings are supported by substantial competent evidence."). And, considering this six-month lesser sentence reduced Le's actual sentence, we agree with the district court that the error was harmless.

Moreover, given the very significant prison sentences (including the possibility of consecutive sentences) that Le faced if he did not agree to plead guilty to the sole conspiracy charge, we conclude Le did not meet his burden to show that he would have demanded a jury trial if he had known that his possible mitigated sentence under the plea agreement was going to be six months less than originally indicated. Thus, we find Le did not show manifest injustice in this regard and we further conclude the district court did not abuse its discretion when it denied Le's motion to withdraw his guilty plea on this basis.

*Factual Basis Regarding the Quantity of Drugs Involved*

Le also contends the district court should have granted his motion to withdraw plea because the factual basis for the plea was insufficient. In particular, Le argues the district court failed to establish the quantity of drugs at issue in this case, which he asserts "is an element." Le never specifies what drug quantity is an element of, though we presume Le is asserting that the drug quantity is an element of conspiracy to distribute marijuana. Additionally, Le complains about his counsel's incorrect statement at the sentencing hearing that Le "receiv[ed] a package that contained upwards of 12 pounds of marijuana" (about 5.4 kilograms of marijuana). In fact, the record established that Le received only 1,751.78 grams (or about 1.752 kilograms or 4 pounds) of marijuana. Le suggests that his counsel's mistaken statement somehow influenced his overall sentence.

8

Kansas law requires a court to establish a factual basis for the crime before it can accept a guilty plea. K.S.A. 2016 Supp. 22-3210(a)(4). While appellate courts "do not approve of any failure to comply strictly with the explicitly stated requirements of K.S.A. 22-3210, it does not follow that every deviation" must be reversed. *Trotter v. State*, 218 Kan. 266, 269, 543 P.2d 1023 (1975). If the appellate court can review the entire record and determine the plea was knowingly and voluntarily entered, the error is harmless. *State v. Barahona*, 35 Kan. App. 2d 605, 607, 132 P.3d 959 (2006).

Drug quantity is not an element of the crime of conspiracy to distribute marijuana. K.S.A. 2016 Supp. 21-5302(a) provides simply:

> "A conspiracy is an agreement with another person to commit a crime or to assist in committing a crime. No person may be convicted of a conspiracy unless an overt act in furtherance of such conspiracy is alleged and proved to have been committed by such person or by a co-conspirator."

K.S.A. 2016 Supp. 21-5705(a)(4) provides: "It shall be unlawful for any person to distribute or possess with the intent to distribute any of the following controlled substances or controlled substance analogs thereof: . . . (4) [marijuana]."

Here, as part of the factual basis for his plea, Le acknowledged that he and his co-conspirator agreed that a package of marijuana would be mailed to Le's residence and, further, that he knowingly accepted this package containing the drugs when it arrived. Moreover, at the time of the plea, the complaint specifically alleged that the package of marijuana weighed at least 450 grams but less than 30 kilograms—specifically 1,751.78 grams—and that this quantity constituted a severity level 2 amount for purposes of his crime, see K.S.A. 2016 Supp. 21-5705(a)(4) and (d)(2)(C), possession of marijuana with intent to distribute. No additional facts were necessary to establish the factual basis for

Le's plea to conspiracy to distribute marijuana, and the district court did not err when it did not specifically mention the quantity of drugs at the time of Le's guilty plea.

Drug quantity was relevant for sentencing purposes, however. In this regard, at sentencing the prosecutor correctly informed the district court that Le conspired to sell 1,751.78 grams of marijuana. Le's attorney, however, told the district court that "upwards of 12 pounds" of marijuana were involved. But Le was sentenced under 21-5705 (d)(2)(C)—severity level 2: "material at least 450 grams but less than 30 kilograms." Twelve pounds equals about 5.4 kilograms. As a result, any misstatement by Le's counsel did not affect the severity level of Le's crime. Given the amount of marijuana involved, Le's crime of conviction was properly designated a severity level 2 offense. Defense counsel's mistake was, therefore, harmless and the district judge did not abuse his discretion in finding that it did not constitute a manifest injustice allowing Le to withdraw his plea.

In summary, we conclude Le failed to show manifest injustice and that the district court did not abuse its discretion when it denied Le's postsentence motion to withdraw his guilty plea.

Affirmed.