NOT DESIGNATED FOR PUBLICATION

No. 116,703

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

RON TAYLOR,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Reno District Court; TIMOTHY J. CHAMBERS, judge. Opinion filed June 23, 2017. Affirmed.

*Shannon S. Crane*, of Hutchinson, for appellant.

*Thomas R. Stanton*, deputy district attorney, *Keith E. Schroeder*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ATCHESON, P.J., MALONE and POWELL, JJ.

*Per Curiam*: Ron Taylor pled guilty to several drug-related offenses and was granted probation. Two years after his motion to withdraw plea was denied, and almost 5 years after he was originally sentenced, Taylor filed a K.S.A. 60-1507 motion to set aside and vacate his convictions and sentences. The district court denied the motion without an evidentiary hearing. Because Taylor's motion was both untimely and successive, we affirm.

1

In May 2011, Taylor pled guilty to 10 counts of drug-related offenses, with the controlling offense being conspiracy to manufacture methamphetamine. Before pleading guilty, Taylor filed a motion to suppress the evidence discovered during the execution of the search warrant that had led to his arrest. The district court found that the information provided in the search warrant was insufficient to establish probable cause but still denied Taylor's motion based on the good-faith exception to the exclusionary rule. At sentencing, and as part of its plea agreement with Taylor, the State supported Taylor's motion for a dispositional departure and recommended that he be placed on probation. The district court went along with the plea agreement and sentenced Taylor to 241 months in prison but granted him 36 months' probation. Taylor did not appeal his convictions or sentences.

In October 2011, about 2 months after sentencing, the State filed a motion to revoke Taylor's probation. Taylor waived his evidentiary hearing and stipulated to the probation violations, whereupon the district court revoked Taylor's probation and imposed a modified sentence of 164 months in prison. Taylor did not appeal the revocation.

In May 2012, Taylor filed a pro se motion to withdraw his plea. In his motion, he claimed that plea counsel was ineffective in litigating the motion to suppress. Specifically, he argued that plea counsel should have challenged the allegedly false and misleading statements in the search warrant affidavit by filing a motion for a hearing under *Franks v. Delaware*, 438 U.S. 154, 98 S. Ct. 2674, 57 L. Ed. 2d 667 (1978). He also claimed that plea counsel had failed to inform him of the conditions and consequences of his plea agreement. After a hearing, the district court denied Taylor's motion, finding that the search warrant affidavit was not misleading, plea counsel was effective, and Taylor voluntarily and intelligently pled guilty. Taylor appealed, and a

2

panel of our court ultimately found that Taylor had failed to designate a record that showed prejudicial error and that the district court did not err in denying Taylor's motion because he failed to show manifest injustice. *State v. Taylor*, No. 108,548, 2013 WL 4046587, at *11 (Kan. App. 2013) (unpublished opinion).

In April 2016, Taylor filed his present pro se motion pursuant to K.S.A. 60-1507 seeking to set aside and vacate his convictions and sentences. He initially asserted actual innocence based upon newly discovered evidence in the form of an affidavit from an individual who refuted statements made in the search warrant affidavit. Taylor also claimed his plea counsel provided ineffective assistance by failing to (1) investigate his background and witnesses and (2) file an alibi defense—all in the context of litigating the motion to suppress. After a status conference, the State filed a motion to dismiss. Taylor, through appointed counsel, filed a response purporting to be an amended motion for relief which is not included in the appellate record. Finding that Taylor's motion was untimely, that Taylor had failed to show manifest injustice, that the issue of ineffective assistance of counsel had been previously raised, and that the newly discovered evidence would not have altered any of its previous rulings, the district court denied Taylor's motion without an evidentiary hearing.

Taylor timely appeals.

## DID THE DISTRICT COURT ERR IN DENYING TAYLOR'S K.S.A. 60-1507 MOTION WITHOUT AN EVIDENTIARY HEARING?

Our Supreme Court has held that a district court has three options when considering a 60-1507 motion:

> "'(1) The court may determine that the motion, files, and case records conclusively show the prisoner is entitled to no relief and deny the motion summarily; (2) the court may

determine from the motion, files, and records that a potentially substantial issue exists, in which case a preliminary hearing may be held. If the court then determines there is no substantial issue, the court may deny the motion; or (3) the court may determine from the motion, files, records, or preliminary hearing that a substantial issue is presented requiring a full hearing.' [Citation omitted.]" *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014).

Here, a status conference was held before the State filed its motion to dismiss. While it is unclear whether the status conference rose to the level of a preliminary hearing because the transcript was not included in the appellate record, either way, our review is de novo. See *Makthepharak v. State*, 298 Kan. 573, 577, 314 P.3d 876 (2013) (summary denial); see also *Grossman v. State*, 300 Kan. 1058, 1061, 337 P.3d 687 (2014) (denial after preliminary hearing).

A.      *Timeliness*

A 60-1507 motion must be filed within 1 year of the movant's conviction becoming final. K.S.A. 2016 Supp. 60-1507(f)(1). When a conviction is not appealed, it becomes final 14 days after sentencing. K.S.A. 2016 Supp. 22-3608(c); see *Cox v. State*, No. 109,593, 2014 WL 1887642, at *3 (Kan. App. 2014) (unpublished opinion), *rev. denied* 302 Kan. 1009 (2015). The 1-year time limitation may be extended only to prevent a manifest injustice. K.S.A. 2016 Supp. 60-1507(f)(2). Until recently, manifest injustice was determined by considering the totality of the circumstances as articulated in *Vontress v. State*, 299 Kan. 607, 616, 325 P.3d 1114 (2014). The Kansas Legislature, however, amended K.S.A. 60-1507 in 2016 to limit the manifest injustice inquiry "to determining why the prisoner failed to file the motion within the one-year time limitation or whether the prisoner makes a colorable claim of actual innocence." K.S.A. 2016 Supp. 60-1507(f)(2)(A). Other panels of this court have held that the amendment is retroactive and applies to motions filed before the amendment took effect. See *State v. Phoenix*,

115,694, 2017 WL 1826048, at *3 (Kan. App. 2017) (unpublished opinion), *petition for rev. filed* June 5, 2017.

But even if *Vontress* was still applicable, Taylor's 60-1507 motion was untimely. While he cites the *Vontress* factors, Taylor does argues that extension of the 1-year time limitation was necessary to prevent a manifest injustice because his motion included a claim of innocence. In this instance, however, Taylor's claim of innocence cannot cure the untimeliness of his motion. Taylor pled guilty, and "[a] plea of guilty is admission of the truth of the charge and every material fact alleged therein." K.S.A. 22-3209(1); see *Hughes v. State*, 206 Kan. 515, 517, 479 P.2d 850 (1971). Moreover, when judgment and sentence result from a guilty plea, the evidence's sufficiency cannot be reviewed in a K.S.A. 60-1507 proceeding. 206 Kan. at 517; *Woods v. State*, 52 Kan. App. 2d 958, 967, 379 P.3d 1134 (2016), *petition for rev. filed* September 12, 2016. As a result, Taylor's claim of innocence is "insufficient to override the longstanding rule that a freely and voluntarily entered guilty plea bars a collateral attack on the sufficiency of the evidence." See 52 Kan. App. 2d at 968.

B.     *Successiveness*

In addition to untimely motions, a district court is not "required to entertain a second or successive motion for similar relief on behalf of the same prisoner." K.S.A. 2016 Supp. 60-1507(c); see Supreme Court Rule 183(d) (2017 Kan. S. Ct. R. 222). A motion filed under K.S.A. 60-1507 can still be successive even if the previous motion was a motion to withdraw plea. *Rash v. State*, No. 107,156, 2012 WL 3136777, at *2 (Kan. App. 2012) (unpublished opinion). Unless the movant shows exceptional circumstances, a successive motion can be dismissed. *State v. Kelly*, 291 Kan. 868, 872, 248 P.3d 1282 (2011). "'Exceptional circumstances are unusual events or intervening changes in the law which prevent a movant from reasonably being able to raise all of the trial errors in the first post-conviction proceeding.' [Citation omitted.]" *Woodberry v.*

*State*, 33 Kan. App. 2d 171, 175, 101 P.3d 727, *rev. denied* 278 Kan. 853 (2004). The movant bears the burden of showing exceptional circumstances. *Holt v. State*, 290 Kan. 491, Syl. ¶ 3, 232 P.3d 848 (2010).

Taylor's K.S.A. 60-1507 motion was successive. Instead of arguing any exceptional circumstances, Taylor seems to argue that his motion was not successive because his ineffective assistance of counsel claim was based on newly discovered evidence. But his claim was similar enough to those he raised in his earlier motion to withdraw plea to make the present motion successive. In both motions, Taylor essentially claims that his attorney was ineffective in litigating the motion to suppress by failing to bring to light the allegedly false and misleading statements in the search warrant affidavit. While the claims were not identical, the later motion is successive even when the claims are only similar to the claims in a previous motion. See *McIntire v. State*, No. 105,134, 2012 WL 223922, at *1 (Kan. App. 2012) (unpublished opinion). Even if he is arguing that his claim of innocence based on newly discovered evidence constituted exceptional circumstances, Taylor's motion was still successive because he pled guilty. See *Woods*, 52 Kan. App. 2d at 968.

Affirmed.